BOUCHER, RESPONDENT, v. BARSALOU, APPELLANT.

(No. 1,335.)

(Submitted May 15, 1901.   Decided July 8, 1901.)

*Unlawful Detainer — Pleading — Inconsistency—Findings—
Disposition of Cause—Quieting Title.*

1.  A complaint to recover land alleged that defendant unlawfully withheld the same, and that the relation of landlord and tenant existed between the parties, which defendant denied, and alleged that plaintiff's grantor held the property as trustee to secure certain indebtedness due him from defendant, and not as owner, of which fact plaintiff had knowledge, and defendant demanded to be decreed the owner of the premises. On plaintiff's motion the equitable defense was tried first, resulting in a finding that plaintiff had no knowledge of the equities existing between defendant and plaintiff's grantor, and that the relation between the latter parties was that of trustee and *cestui que* trust, as alleged by defendant. *Held,* that it was error to refuse to dismiss plaintiff's complaint, since the relation of landlord and tenant, as alleged by the plaintiff, was inconsistent with the facts already found.
2.  The action cannot be maintained as a suit to quiet title, since the necessary averment of ownership on the part of plaintiff does not appear, and the case was not tried on that theory.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Frank Boucher against Joseph Barsalou. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Mr. Robert McBride,* for Appellant.

*Messrs. McHalton & Cotter,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This cause is on appeal from the judgment entered in favor of the plaintiff. The plaintiff filed his complaint in unlawful detainer, setting up that the defendant unlawfully withheld form his possession certain real estate, and averring that the relation of landlord and tenant existed between the parties, in

that the defendant had been the tenant of his former landlord, one Ayotte, the latter having conveyed said property for a good and valuable consideration and in fee simple to the plaintiff; and that the plaintiff had given the necessary notice to the defendant to quit said premises. The defendant denied each and every allegation of the complaint, except that he admitted that he was during all the time named in possession, and was, and had been for more than ten years last past, the owner of and entitled to the possession of said property. He unnecessarily, but fully, set out as affirmative matter in his answer an equitable defense, to-wit, that the said Ayotte, at the time that he conveyed the said property to the plaintiff, held the property by deed from him, the said defendant, as security for certain moneys due by defendant to Ayotte; and that the plaintiff, at the time that he took the title from Ayotte, was fully cognizant of the relation existing between Ayotte and defendant. He further alleged that the transfer from Ayotte was fraudulent, and made in collusion with Boucher to defraud him, the defendant; and that all the money, the payment of which was secured by the said deed, had been repaid by defendant to Ayotte; and that he (defendant) was entitled to a reconveyance to him of said property. Defendant demanded, in his answer, that plaintiff take nothing by the action, and that he (defendant) be decreed to be the owner of the premises. The plaintiff, in his reply, denied the affirmative allegations of the answer, and prayed that his right and title to the ownership of said property be quieted.

The cause came on for trial. Upon the motion of the plaintiff, and by order of the court, the equitable defense was tried to the court with a jury, before entering upon the case of plaintiff. The jury made its findings adversely to the defendant as to his equitable defense, and the court adopted the same, and found, among other things, that the plaintiff had no knowledge of the equities existing between the defendant and said Ayotte, and that the relations between defendant and Ayotte were as alleged by the defendant; thus, in effect, declaring that the

relation of landlord and tenant had never existed between Ayotte and the defendant, or between the plaintiff and the defendant. Thereupon the court proceeded to try the original case of the plaintiff on his complaint in unlawful detainer before a jury, and, the first witness having been sworn for the plaintiff, the defendant objected to the introduction of any evidence on the part of the plaintiff, and asked for a judgment of dismissal upon the following grounds: That "this action is brought under the laws of the state of Montana relative to unlawful detainer by a tenant of real property. The allegations in the complaint are: 'That on or about the 1st day of February, 1897, one Sam Ayotte was the owner in fee simple of the premises known and designated as the premises at No. 520 West Granite street, together with the premises in the rear of said number, in the city of Butte, county of Silver Bow, state of Montana, together with the dwelling houses and appurtenances thereto belonging. That on said last mentioned date, and for some time prior thereto, the said defendant, Joseph Barsalou, was in possession of said premises as the tenant of said Sam Ayotte, under a monthly tenancy of $10 per month, payable monthly in advance. That on the 20th day of February, 1897, the said Sam Ayotte conveyed to the plaintiff herein the premises above described, and said plaintiff, as the grantee and successor in interest of said Sam Ayotte, by his agent, notified the defendant of his having bought and purchased the said above described real property from said Sam Ayotte; and the defendant herein was notified by said agent of plaintiff that his rent thereafter and from that time would be $12.50 per month, payable monthly in advance. That said defendant, after said notification as aforesaid by the agent of said plaintiff, continued and remained in possession of the said premises as the tenant of said plaintiff, holding over under the terms of the verbal lease and agreement made by him with his former landlord, Sam Ayotte, the grantor of the plaintiff herein, and said defendant is now in possession of the said premises, and still continues to hold and occupy the same. That, pursuant to the terms of said verbal lease and

agreement made by this defendant with said Sam Ayotte, there became and was due to the plaintiff, as the grantee and successor in interest of said Sam Ayotte, and as the landlord of this defendant, as rent for the above described and leased house and premises, on the 20th day of February, 1897, the sum of $12.50.'

"The only claim that the plaintiff in this case makes to be considered the landlord of this defendant is the claim that there was a verbal lease between Samuel Ayotte and Joseph Barsalou, whereby Barsalou had agreed to pay rent to the said Ayotte, and Mr. Boucher, as the successor in interest of Ayotte, claims to be the landlord of said Barsalou. He does not claim to be the landlord by any agreement between himself and Barsalou.

"Now, in this case the court has already found, upon the equitable issues, that the relation existing between Samuel Ayotte and Joseph Barsalou at all times mentioned in the complaint was the relation of trustee and *cestui que* trust, and not the relation of landlord and tenant.

"Now, the equitable title belonging to Barsalou and the naked legal title to Ayotte, at any time prior to the time of the alleged conveyance of the property by Ayotte to Boucher, Mr. Barsalou would have the right to demand and compel a reconveyance of the property to him. Therefore the relation of landlord and tenant is absolutely inconsistent with the facts already found, and therefore we object to any testimony under the pleadings." Whereupon the court ruled as follows: "My view of this matter is in accordance with the contention of counsel for defendant, and that to proceed with the trial of this case, in view of the findings of the court, would be improper and inconsistent; and the objection will be sustained, and the jury are discharged." To this ruling of the court plaintiff excepted. Thereupon the court caused to be entered upon the court's record the following order, to-wit: "And the defendant objected to the introduction of any and all testimony on the part of plaintiff, and also moved the court to dismiss the action, and for judgment for his costs. Said objection and said motion are argued by

counsel, and said objection to the introduction of any testimony is by the court sustained, to which ruling counsel for plaintiff duly excepts, and the jury are discharged from further service." Thereafter, and on the next day, the court made the following order: "This day the motion of defendant that the action be dismissed and for judgment for costs, heretofore argued, is by the court overruled; to which ruling counsel for defendant duly excepts." On the same day the court signed and there is filed a judgment in favor of the plaintiff and against the defendant for the ownership of the property described in plaintiff's complaint, and for plaintiff's costs of suit.

The proceedings, as presented on the record, are anomalous, and without precedent, so far as we know. It is apparent from the argument used by the defendant in his objection to the introduction of evidence, and from the remarks of the court and his ruling on the objection, that up to the time of the court's order sustaining the said objection, the case had not been tried upon the theory that it was a suit to quiet title. Nowhere in the pleadings of the plaintiff is there any allegation of ownership on the part of the plaintiff. The principal point saved in the exceptions and treated by the several counsel in their briefs is error of the court in entering the said judgment for plaintiff. When the court held that by laches on the part of the defendant he could not maintain his equitable defense, and, in effect, found that the relation of landlord and tenant did not exist between the plaintiff and the defendant, and declined to allow any evidence to be introduced on the part of the plaintiff in support of his complaint, the duty of the court was to dismiss the action at the cost of the plaintiff.

Without passing upon the point contended for by plaintiff's counsel, to-wit, that a suit to quiet title can be maintained, tried and adjudicated on the issues raised in the equitable defense to a suit in unlawful detainer, suffice it to say that the necessary averment of ownership on the part of the plaintiff does not appear in the pleadings; and, further, that the case was not tried upon the theory that it was in anywise a cause to quiet title

in the plaintiff. As we have said before, the proceedings are anomalous, and the action of the court, under the circumstances as set forth in this opinion, was error.

The judgment of the court is reversed, and the cause remanded.

*Reversed and remanded.*

Rehearing denied July 31, 1901.