NICHOLSON, RESPONDENT, v. NICHOLSON, ADMX., ET AL., DEFENDANTS; OWENS, APPELLANT.

(No. 5,247.)

(Submitted May 28, 1923. Decided June 15, 1923.)

[216 Pac. 328.]

*Equity — Lost Instruments—Restoration—Complaint — Insufficiency — Appeal and Error — Pleadings — Implied Amendments—When Doctrine Inapplicable.*

Lost Instruments—Restoration—Complaint—Insufficiency.
1. In an action for the restoration of an instrument (or the quieting of title) alleged to have been lost, the complaint must disclose that plaintiff has some interest in the property as distinguished from an interest in the instrument or evidence of title, and in the absence of such allegation the pleading is insufficient.

Appeal and Error—Complaint—Doctrine of Implied Amendments—When Inapplicable.
2. Where the complaint was insufficient to state a cause of action because of the absence of a material allegation, and the proof was no stronger than the complaint, the doctrine of implied amendments cannot obtain.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by Robert Nicholson against Adalaide Nicholson, as administratrix of the estate of William Nicholson, deceased, and others. From a decree for plaintiff, defendant Ida Owens appeals. Reversed and remanded.

*Messrs. Russell, Madeen & Clarke*, for Appellants, submitted a brief; *Mr. Charles A. Russell* argued the cause orally.

The complaint does not state facts sufficient to constitute a cause of action to quiet title. It is elementary that one who sues to quiet title must prevail, if at all, on the strength of his own case rather than on the weakness of his adversary. (*Ber-*

1. Whether court will entertain suit for establishment of lost instrument where no other relief is demanded, see note in Ann. Cas. 1914A, 582.

*geson* v. *Tubbs,* 54 Mont. 557, 172 Pac. 326; *Ziska* v. *Avery* (Okl.), 122 Pac. 722.) To state a cause of action, the complaint must first allege title in fee or for life in claimant. (*McKay* v. *Dougal,* 19 Mont. 488, 48 Pac. 988.) "It is well settled that the complaint by appropriate allegations must show title in plaintiff to the land in controversy." (32 Cyc. 1350; 32 C. J. 1328–1330; *Hopkins* v. *Walker,* 244 U. S. 438, 61 L. Ed. 1270, 37 Sup. Ct. Rep. 711.)

*Messrs. O'Hara, Madeen & Carmody,* for Respondent, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

The appellant misconstrues the relief sought by the plaintiff. This is not an action to quiet title, but an action to establish a lost deed. (*Montgomery* v. *Kerr,* 6 Cold. (Tenn.) 199, 98 Am. Dec. 450.) That such an action can be maintained is beyond question. (*Jacobson* v. *Roman,* 57 Mont. 299, 188 Pac. 138; *Cartright* v. *Cartright,* 70 W. Va. 507, Ann. Cas. 1914A, 578, 74 S. E. 655.) All that it is necessary to allege in such complaint are the title of the plaintiff to the instrument, the description of the instrument, its loss, and search and failure to discover it. (13 Ency. Pl. & Pr. 353; *Conlin* v. *Ryan,* 47 Cal. 71; *Thomas* v. *McCormack,* 1 N. M. 369; *Lloyd* v. *Simmons,* 97 Minn. 315, 105 N. W. 902; *Brown* v. *Anderson-Cottonwood Irr. Dist.,* 183 Cal. 186, 190 Pac. 797.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

Plaintiff, Robert Nicholson, commenced this action against Adalaide Nicholson personally, and as administratrix of the estate of William Nicholson, deceased, and Ida Owens. The complaint is as follows:

"Plaintiff complains of the defendants and for cause of action herein alleges:

"I. That William Nicholson died in the county of Ravalli, state of Montana, on or about the 13th day of June, 1920;

being at the time of his death a resident of said county and state.

"II. That thereafter, and on, or about the 22d day of June, 1920, Adalaide Nicholson, widow of said William Nicholson, deceased, applied for letters of administration on the estate of said deceased and that thereupon such proceedings were had in the district court of the Fourth judicial district of the state of Montana, in and for Ravalli county, that the said Adalaide Nicholson was appointed the administrator of said estate, and that the said defendant is now the duly appointed, qualified, and acting administrator of said estate.

"III. That prior to the death of the said William Nicholson, and on or about the 15th day of November, 1919, the said William Nicholson and Adalaide Nicholson, his wife, made and executed to the plaintiff herein a deed containing general covenants of warranty deed conveying to said plaintiff the following described real property in Ravalli county, Montana, to-wit: The west half (W. ½) of the southeast quarter (SE. ¼), and lots numbered six (6) and seven (7) of section 26; and lot numbered 2, section 35, all in township 4 north, of range 21 west, Montana meridian, containing 134.36 acres, more or less.

"IV. That said deed, executed and acknowledged by the said William Nicholson and Adalaide Nicholson, so as to entitle the same to record, was by the said grantors delivered to the plaintiff herein and by him placed in a receptacle and kept and not filed for record, and that thereafter, without the knowledge and without fault on part of the plaintiff, the said deed was removed from the place where it had been kept by him, and either lost or destroyed, and said deed cannot be found by the plaintiff after due and diligent search and inquiry, and the plaintiff alleges that he has made due and diligent search and inquiry and has been unable to find said deed, or any trace thereof, and therefore alleges that the same has been lost without fault on part of the plaintiff.

"V. That the plaintiff did not discover the loss of said deed until after the decease of the said William Nicholson. That

the said deed was made, executed, and delivered by the said grantors to the plaintiff, for a valuable consideration, and that the plaintiff entered upon the possession of said premises, and is now in possession of the same, and that the loss of said instrument before the same was recorded, leaves a break in the chain of title to said premises.

"VI. That the defendants Adalaide Nicholson, the wife of said William Nicholson, Ida Owens, formerly Ida Nicholson, a daughter of said deceased, and the plaintiff herein, a son, are the sole and only heirs at law of the said William Nicholson, deceased.

"Wherefore plaintiff prays for a decree of this court ordering the said Adalaide Nicholson and Ida Owens, as heirs of said deceased, to join in a conveyance of said premises to the plaintiff herein, and for such further and other relief as to the court seems meet in the premises."

After issues were joined, the cause was set down for trial and tried with a jury in attendance. At the close of the testimony, interrogatories were propounded to the jury. All these were answered in plaintiff's favor and were adopted by the court. A decree was entered quieting the title to the premises in plaintiff. From this decree Ida Owens appealed.

At all stages of the proceedings appellant urged the [1] objection that the complaint failed to state facts sufficient to constitute a cause of action. With this contention we are constrained to agree. Respondent, however, argues that the action was one to restore a lost deed and that, for that purpose, the allegations of the complaint are sufficient. An analysis of the purpose of the action will disclose the entire absence of jurisdictional facts, either for the restoration of the instrument, or to quiet the title. In *Jacobson* v. *Roman*, 57 Mont. 299, 188 Pac. 138, the late Chief Justice Brantly says: "It is well settled that, when a deed has once been executed and delivered, but has been lost or destroyed before it is properly recorded, and the title of the grantee is thus affected, a court of equity has jurisdiction to decree a restoration of it.

The right of the owner of real estate to have his evidence of title appear properly upon the record is a substantial property right which the law recognizes, and a court of equity will entertain action by him against his grantor to establish the lost deed when such relief is necessary to protect his rights in this behalf.'' In support of this statement a number of authorities are cited. It is apparent from the language used that it was the intention of the court in that instance to say that one of the jurisdictional facts in such an action is that the "title of the grantee" is injured by the absence of the instrument. It must, therefore, appear that the plaintiff has some interest in the property which the absence of the deed affects.

There is, in the complaint, as will be seen from a casual examination, an entire absence of allegation showing any title or interest of the plaintiff in the premises. If it be said that title has been deraigned still the complaint is insufficient, for it is nowhere alleged that plaintiff's grantors were the owners of or interested in the premises at the time of the execution of the deed.

In its nature an action to restore a lost instrument is analogous to an action to quiet title. And indeed under a prayer for general relief in such an action, we are of the opinion that the entry of a decree quieting title is within the powers of a court of equity, where the pleading and proof are sufficient. The apparent difference between the action to restore a lost instrument and one to quiet title, if there be any difference, is that, in the former action, ordinarily both the title of the plaintiff and the title of the defendant are deraigned in the complaint, which must disclose that, notwithstanding an apparent interest of defendant, in equity and good conscience the property belongs to plaintiff; and in the latter action the complaint need only allege the ultimate fact of plaintiff's interest and an outstanding claim of interest on the part of the defendant.

In case either the restoration of the instrument or the quieting of the title is sought, where the action is based upon a lost

instrument, the pleading must disclose some interest in the property as distinguished from some interest in the instrument or evidence of title. To say that courts of equity could be called upon to adjudicate the ownership of valueless papers and to restore them to existence would be intolerable.

At this point it should be noted that the proof is no stronger [2] than the complaint. In other words, there is no deraignment of title by the evidence. The doctrine of implied amendments therefore cannot obtain.

It is apparent that the trial court treated the action as one to quiet title and entered the decree accordingly. With this position we could agree, if it were not for the fact, which has been pointed out, that neither the pleading nor proof are sufficient to show any interest in plaintiff in the premises. As to the necessity of such allegations and proof in actions to quiet title, see *Boucher* v. *Barsalou,* 25 Mont. 439, 65 Pac. 718; *Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Pollock Min. & Mill. Co.* v. *Davenport,* 31 Mont. 452, 78 Pac. 768; and *Violet* v. *Martin,* 62 Mont. 335, 205 Pac. 221.

Appellant also takes the position that, even admitting the sufficiency of the complaint, the evidence does not disclose that the deed was ever delivered, and that therefore plaintiff is not entitled to any relief. Since the case must be sent back on other grounds, we will not go into this phase of it further than to say that, in our opinion, there was sufficient testimony to support the findings on that question. It may be said that there was a conflict in the testimony on that question, but it was for the trial court to resolve that conflict. The evidence does not so clearly preponderate against the findings in that respect that we can say that in no event can plaintiff recover.

Since the defect in the complaint is one which is amendable, we recommend that the judgment be reversed and the cause remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause is remanded to the trial court, for further proceedings not inconsistent with the views expressed in the foregoing opinion.

*Reversed and remanded.*