Louis Kulesza et al., Appellants, v. Steve Kalisz et al., Appellees.

Gen. No. 42,688.

Opinion filed December 13, 1943.

HAROLD O. MULKS, of Chicago, for appellants.

MITCHELL KILANOWSKI, of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

In 1942 plaintiffs brought a class suit to establish an equitable lien upon certain patents covering car wheels, axles, etc., for the benefit of themselves and several thousands of other holders of notes totaling $85,000,000, given in consideration of $2,500,000 loaned to the inventor and original owner of the patents prior to 1920. On motion of defendants, sued as the present owners of the patents, the second amended complaint was dismissed. Plaintiffs appeal.

Defendants assign several grounds for the dismissal of the complaint. However, there is a controlling reason which would have justified the court, upon its own motion, taking such action. The complaint shows that through the lapse of time the subject matter of the litigation has wasted away, so that granting relief would be futile, benefiting no one. The latest patent involved was issued in 1908. All patents had expired by 1926. With their expiration all rights to manufacture, sale or use thereunder ceased (*Kellogg Co.*

*v. National Biscuit Co.,* 305 U. S. 111; *Delong Hook &
Eye Co. v. Hump Hairpin Mfg. Co.,* 297 Ill. 359), as
did the right to institute equitable proceedings for in-
fringement. *Root v. Lake Shore & M. S. R. Co.,* 105 U.
S. 189; *Rice & Adams Corp. v. Lathrop,* 278 U. S. 509.
Furthermore, the federal statute (U. S. Code, Title 35-
Patents, sec. 70) provides that "in any suit or action
brought for the infringement of any patent there shall
be no recovery of profits or damages for any infringe-
ment committed more than six years before the filing
of the bill of complaint or the issuing of the writ in
such suit or action." Therefore, nothing remains but
an abstract principle, devoid of tangible significance,
and for the vindication of that equity will not entertain
jurisdiction. 19 Am. Jur., Equity, secs. 20, 21. *Nich-
olson v. Nicholson,* 67 Mont. 517, 522.

Upon oral argument plaintiffs advanced the propo-
sition that if interest in the patents was established,
they might appeal to Congress for a renewal of the
patents. If this power of renewal exists the exercise
of it rests solely in Congress as a matter of favor or
grace and creates no right or interest in plaintiffs
recognized in law. Their position is not unlike that
of a person who seeks to protect the estate of a rich
relative in the hope or expectation that if the estate is
preserved the active litigant may inherit a share of it.
This expectancy, subject to defeat by the lawful act of
the owner of the estate, is too conjectural and remote
to be recognized as a legal right. *Sanborn v. Carpen-
ter,* 140 Wis. 572.

The order of the circuit court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.