## POLLOCK MINING & MILLING COMPANY, RESPONDENT, *v.* DAVENPORT, APPELLANT.

(No. 1,998.)

(Submitted November 14, 1904.   Decided December 16, 1904.)

*Quieting Title—Pleading—Allegation of Ownership—Appeal.*

Under Code of Civil Procedure, Section 1310, providing that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, to determine such adverse claim, a complaint averring that plaintiff "claims to be the owner" of the property in question, and "claims title in fee," and that defendant "claims an estate or interest" therein adverse to plaintiff, which claim of defendant is without right, was not objectionable for the first time on appeal, on the ground that it nowhere pleads that plaintiff is the owner of the property, and pleads no better title for plaintiff than that set forth for defendant.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Pollock Mining & Milling Company, a corporation, against Lee Davenport.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Messrs. Kirk & Clinton,* for Appellant.

*Mr. F. W. Bacorn,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

Action to quiet title.   The plaintiff, a corporation, alleged itself to be in the possession of the premises in controversy, and "that the said plaintiff claims to be the owner of, and claims title in fee to, the said premises, and that the said defendant claims an estate or interest therein adverse to the said plaintiff; that the claim of the said defendant is without any right whatever; and that the said defendant has not any estate, right, title or interest whatever in said lands or premises or any part there-

of." To this complaint the defendant answered. A demurrer to the answer was sustained, and upon the defendant's refusal to amend, judgment was entered for the plaintiff, from which judgment the defendant has appealed.

In this court the defendant attacks the sufficiency of the complaint, saying that the plaintiff "nowhere pleads that it is the owner of the property in controversy; it pleads that the plaintiff claims to be the owner and the defendant claims to be the owner," and says that the plaintiff has pleaded no better title for itself than it has for defendant. By the provisions of Section 1310 of the Code of Civil Procedure, "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." The complaint is not a model, it is true, but it is alleged therein that the plaintiff is in possession of the premises; that he claims title in fee to the same; that the defendant claims an estate or interest therein adverse to the plaintiff; and that the claim of the defendant is without any right whatever, etc.

In construing Section 738, Code of Civil Procedure of California, which is identical with our Section 1310, the court said: "The letter of this section would authorize any person to maintain the action whether he himself had any interest in the property or not. We are not, however, inclined to give it this broad construction. But it is clearly not necessary that he have title to the property. If he has the right to possession, and another is claiming an estate or interest adverse to such right, he may maintain the action. The language of the Code is broad enough to cover every interest or estate in lands of which the law takes cognizance. *Pierce* v. *Felter,* 53 Cal. 18; *Stoddart* v. *Burge,* 53 Cal. 398; *Smith* v. *Brannan,* 13 Cal. 107; *Liebrand* v. *Otto,* 56 Cal. 247." (*Pennie* v. *Hildreth,* 81 Cal. 127, 22 Pac. 398.)

And in *McKinnie* v. *Shaffer,* 74 Cal. 614, 16 Pac. 509, the court said: "Whatever interest the plaintiff has may be quieted. If a title in fee, such interest may be quieted; if a less interest,

the less interest may likewise be quieted." (See *Merk* v. *Bow-ery Mining Co.,* 31 Mont. 298, 78 Pac. 519, and cases cited.)

So far as the record discloses, no criticism was made upon the complaint in the court below, and the averments, "claims to be the owner of," and "claims title in fee," must be held sufficient in the absence of such a seasonable attack. (*Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.) The pleader evidently meant to employ the word "claims" in the sense of "avers" or "alleges." Among other definitions of the word "claim," the Standard Dictionary gives the following: "To hold to be true against implied denial or doubt; affirm; assert." Although this is a loose use of the term, its meaning is plain, and will be held sufficient under circumstances like the foregoing.

This disposes of the only question argued by defendant. It follows that the judgment should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

*Affirmed.*