VAN VRANKEN, RESPONDENT, *v.* GRANITE COUNTY ET AL., APPELLANTS.

(No. 2,390.)

(Submitted May 18, 1907.  Decided May 27, 1907.)

[90 Pac. 164.]

*Action to Quiet Title—Appeal—Record—Nonsuit—Evidence— Sufficiency—Findings—Review—Pleading    and    Practice— Briefs.*

Appeal—Record—Nonsuit—Evidence—Review.
　　1.  The district court's refusal to direct a nonsuit at the close of plaintiff's case will not be reviewed on appeal, where neither the statement on motion for new trial, nor the certificate of the judge settling it, contains a recital that in substance all of the evidence submitted at the trial is embraced in the statement.
Same—Error—Presumptions.
　　2.  Error will not be presumed, but must be made to appear affirmatively.

Same—Nonsuit—Introduction of Evidence After Motion—Effect.

3.  By submitting evidence in support of their case, after motion for nonsuit, defendants assumed the risk of supplying any deficiency in the proofs introduced by plaintiff, and, in the absence of a recital in the statement that it contains all the evidence, alleged error in refusing the motion will be deemed to have been cured by defendants themselves.

Same—Findings—Evidence—Insufficiency—Review.

4.  Where neither the statement on motion for a new trial nor the certificate of the judge settling it reveals the fact that the substance of all the evidence is contained therein, the insufficiency of the evidence to support the findings will not be reviewed.

Same—Pleading and Practice—Theory of Case—Nonsuit.

5.  Where affirmative matter set up in an answer was not put in issue by reply, but defendants went to trial as if issue had been joined thereon, and the trial proceeded to judgment upon this theory, and where defendants' motion for nonsuit was not based upon the admission resulting from the want of reply, they will not be heard for the first time on appeal to complain that they have suffered prejudice.

Quieting Title—Adverse Claim—Possession—Variance.

6.  Possession of real property under an equitable title is sufficient to support an action to determine an adverse claim to it; and therefore an alleged variance between an allegation in the complaint setting up title in fee simple and right to the possession in plaintiff and proof showing possession by virtue of an equitable title only, was immaterial.

Appeal—Assignments of Error—Briefs.

7.  Assignments of error not made in appellant's brief will not be considered on appeal.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by Lucy Van Vranken against Granite county and others. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Appellants.

*Mr. Wingfield L. Brown,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to determine an adverse claim by the defendant Granite county to an interest in the southwest

quarter of the southwest quarter of section 24, township 7 north, of range 14 west, situate in said county.

The plaintiff alleges that she is the owner in fee, entitled to the possession, and in possession of said land, and that the defendant county makes a pretended claim to the ownership of an easement for a public road or highway in a strip, one hundred feet wide, extending through the same for about one-third of a mile; that the defendant county is not entitled to any interest therein for the said or any other purpose, by condemnation, grant, prescription, appropriation, or otherwise; and that the said pretended claim casts a cloud upon her title. Judgment is demanded that it be declared without foundation.

Defendants deny plaintiff's title and right of possession, and then, for further defense and for affirmative relief, allege in substance that a strip of land, sixty feet in width, extending through said premises, had for more than forty years prior to the bringing of this action been used by the public as a road or highway; that it had been worked and improved at the expense of the public; that the right to the use of it for this purpose had become established by prescription; and that prior to bringing her action plaintiff had interfered with travel by the public by erecting thereon fences and other obstructions. Judgment is demanded for an injunction restraining the plaintiff from maintaining these obstructions. There was no reply. The trial resulted in findings and judgment for plaintiff. Defendants have appealed from the judgment and an order denying them a new trial.

1. Contention is made that the court erred in refusing to direct a nonsuit at the close of plaintiff's case. Whether or not the court erred in this regard we may not determine, for the reason that it does not appear, from any recital in the statement on motion for new trial, or in the certificate of the judge settling it, that it contains in substance all the evidence submitted at the trial. After the court refused to direct a nonsuit, the defendants introduced a great deal of

evidence in support of their case, as did also the plaintiff in rebuttal. By submitting evidence in support of their case the defendants assumed the risk of supplying any deficiency in the proofs introduced by the plaintiff (*Cain* v. *Gold Mt. Min. Co.,* 27 Mont. 529, 71 Pac. 1004); and whether they did so cannot be determined without an examination of all the evidence submitted, even if it be conceded that plaintiff had not made out a *prima facie* case by her own evidence. Error will not be presumed. It must be made to appear affirmatively. (*Robertson* v. *Longley,* 28 Mont. 128, 72 Pac. 423; *Passavant* v. *Arnold,* 34 Mont. 513, 87 Pac. 905.) Since the evidence is not all before us, the presumption must be indulged that the court's conclusion after hearing it all was correct. If this is the case, any error committed by the court in overruling the motion was cured by the defendants themselves.

2. The same disposition must be made of the contention that the evidence is insufficient to support the findings. The evidence in the record may not be sufficient, yet we may not disturb the findings on that account; for, so far as we know, there may have been omitted from the statement evidence sufficient in quantity and probative value to justify the findings fully.

3. The contention is made that the court should have rendered judgment for the defendants in any event, for that the affirmative matter set up in the answer was not put in issue by the plaintiff by reply. The new matter alleged in the answer required a reply; but the defendants went to trial as if issue had been joined thereon. The trial was had, and judgment rendered upon the merits, upon this theory. The motion for nonsuit was not based upon the admission resulting from the want of a reply. Under these circumstances defendants may not be heard to say now, for the first time in the case, that they suffered prejudice by the court's action.

4. Some argument is made in the brief of appellants to the effect that the findings are without the issues made by the pleadings and do not support the judgment, for that the com-

plaint alleges title in fee simple and right to the possession in plaintiff, while the court found that she is in possession by virtue of an equitable title only. We are of the opinion that possession under an equitable title is sufficient to support the action. (*Pollock M. & M. Co.* v. *Davenport,* 31 Mont. 452, 78 Pac. 768; *Pennie* v. *Hildreth,* 81 Cal. 127, 22 Pac. 398; *Oliver et ux.* v. *Dougherty* (Ariz.), 68 Pac. 553; *Schooling* v. *Harrisburg,* 42 Or. 494, 71 Pac. 605.) The variance between the allegations and the proof on this point was immaterial. But, however this may be, no assignment of error on this point is made in the appellants' brief. They are therefore not in position to complain.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.