POLSON SHEEP CO., RESPONDENT, v. OWEN, APPELLANT.

(No. 7,947.)

(Submitted April 1, 1940. Decided September 18, 1940.)

[106 Pac. (2d) 181.]

602

*Mr. Lloyd I. Wallace* and *Mr. R. H. Wiedman,* for Appellant, submitted a brief; *Mr. Wallace* argued the cause orally.

*Mr. Donovan Worden, Mr. A. J. Brower* and *Mr. F. W. Wilson,* for Respondent, submitted a brief; *Mr. Worden* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to quiet title to several tracts of land situated in Lake county. Defendant Owen by his answer disclaimed any interest in part of the land, but claimed to be the owner of part and held a lease on the remaining portion, which he alleged was owned by the state. Decree went in favor of plaintiff, and defendant appealed. The facts as developed at the trial may be summarized by stating the substance of the court's findings which were as follows:

The plaintiff, a Washington corporation, was organized in 1931 as the C. D. Small Company pursuant to a contract between Yakima Investment Company, Desert Sheep Company, Inc., and C. D. Small. The assets of the three parties to the contract were transferred to the corporation, which thereupon entered into the business of raising sheep in Montana. C. D. Small was employed as field manager and acted as such until October, 1937. The corporation thereafter changed its name to that of Polson Sheep Company. Small, as field manager, without authority from plaintiff, purchased lands and entered into leases in his own name, paying for the lands and leases with funds belonging to plaintiff, but of which plaintiff had no knowledge until the fall of 1937. Thereafter Small gave to plaintiff his quitclaim deed which was duly recorded, conveying to plaintiff all real estate owned by or standing in his name in the counties of Lake and Sanders, but without describing any of the land. Small also assigned to plaintiff all leases held by him on property located in the state.

Title to one tract of land here involved and particularly described in the findings, stood in the name of the Federal Land Bank of Spokane, but it had contracted to sell the same to C. D. Small; the contract was made for the benefit of plaintiff and payments thereon, together with taxes, were made by C. D. Small from plaintiff's funds, and plaintiff has used the land for the conduct of its business; defendant Owen made two payments of $60 each on this land without plaintiff's knowledge or consent. The court found that defendant is entitled to be reimbursed for these sums, and that upon compliance with the terms of the contract, and upon reimbursing defendant, plaintiff is entitled to a conveyance from the Federal Land Bank.

Another tract here involved was purchased by Small prior to the organization of plaintiff, from Jack Ray, and upon organization of plaintiff it was assigned to it, and payments on the contract were thereafter made by Small from plaintiff's funds. The court found that Small wrongfully and fraudulently took the deed in the name of Harry Owen, now deceased. Plaintiff has been in possession of the land and used it in carrying on its business, and has made improvements thereon. It has been

assessed to plaintiff, and plaintiff has paid the taxes thereon. Defendant Wilson Owen claims this land by virtue of a deed from Harry Owen dated November 15, 1932, and recorded May 4, 1938. Defendant's interest, either as alleged owner or as lessee, in other lands rests upon similar facts.

The record discloses that defendant was in the employ of plaintiff for a period of about five years during which time the transactions here involved took place. The first point raised by defendant is that it was not proper in this action for plaintiff to prove an equitable interest in the property in the nature of a trust. The complaint simply alleged that plaintiff was and is the owner of the property and, hence, defendant contends it was precluded from showing that it had an equitable interest in the property.

The court properly permitted plaintiff to prove its equitable interest in the property. Under section 9487, Revised Codes, it is provided that the court has jurisdiction in such an action "to make a complete adjudication of the title to the lands named in the complaint, * * * including jurisdiction to direct the cancellation of instruments constituting clouds upon such title, the execution of conveyances, where it appears that any party to such action should execute such conveyance or conveyances, the execution of satisfaction of mortgages and other apparent liens upon such land, or any part thereof, or the doing of any other acts of a personal nature necessary to give effect to the rights of the respective parties to such action; as the same may be adjudicated by the court."

It is not necessary that plaintiff deraign his title in the complaint. (*Thomson* v. *Nygaard,* 98 Mont. 529, 41 Pac. (2d) 1.) Under the broad terms of section 9487, and the principles announced in *Teisinger* v. *Hardy,* 91 Mont. 9, 5 Pac. (2d) 219, and *Hochsprung* v. *Stevenson,* 82 Mont. 222, 266 Pac. 406, the court was correct in permitting proof tending to show that defendant, if he held any title to the lands in question, held it in trust for plaintiff.

It should be noted that our statute, section 9487, is substantially different from the California statute involved in the

cases of *Von Drachenfels* v. *Doolittle,* 77 Cal. 295, 19 Pac. 518; *Shanahan* v. *Crampton,* 92 Cal. 9, 28 Pac. 50; *Harrigan* v. *Mowry,* 84 Cal. 456, 22 Pac. 658, 24 Pac. 48; *Whitworth* v. *Fernandez,* (Cal. App.) 257 Pac. 205, and other cases from the state of California. In this state the possession of real property under an equitable title is sufficient to support an action to quiet title. This was so held before the passage of section 9487. (*Van Vranken* v. *Granite County,* 35 Mont. 427, 90 Pac. 164; *McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792.) Certainly this is so since the passage of section 9487 in 1915. See, generally, 51 C. J. 170, notes 79 to 82, inclusive, where it is stated that under many statutes the holder of an equitable title to land may maintain an action to quiet title against the holder of the legal title. Such is the Montana statute, section 9487.

Contention is made that the court should have sustained defendant's motion to strike from the complaint allegations to the effect that plaintiff made improvements on the property and paid taxes thereon. While these allegations were unnecessary to state a cause of action to quiet title, yet we do not consider the court's refusal to strike them as reversible error. Evidence concerning these matters would have been admissible under the general allegation of ownership to show the circumstances as bearing upon plaintiff's contention that it was the equitable owner of the property, and that whatever interest defendant held was held in trust for plaintiff.

Defendant makes many assignments of error relative to the admission of evidence. We need not discuss them separately. We have examined all the assignments and find that there is no merit in any of the contentions made. Most of them are predicated upon what we have held was the erroneous contention that evidence showing that defendant held the property in trust for plaintiff was inadmissible. The evidence complained of bears directly upon that question and was properly admitted.

Defendant also contends that the evidence does not support the decree. We have given careful consideration to all the evidence in the case, direct and circumstantial, and in our opin-

ion it is sufficient to support the essential findings of fact and the decree.

Defendant attempted to show that he was and is the owner ■ of part of the property by virtue of a deed from his brother dated November 15, 1932, and recorded May 4, 1938. With reference to this claim he testified that the deed was never delivered to him but was left in the office of Mr. Wallace. He said he did not order the deed recorded for this reason: ''When I let him [meaning his brother] have this money he give me these deeds, but he said that Small' was going to buy it, Small was going to buy it, or the company or somebody, and just as quick as they did he would give me my money.'' Obviously the deeds to defendant at most were simply given as security and did not pass title to defendant. Defendant's claim, if any he has, is against his brother's estate, and under his own evidence the court was warranted in finding that he has no interest in the lands in question.

Other questions raised by defendant have been considered, but we find no reason for disturbing the findings and judgment. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE JOHNSON, ASSOCIATE JUSTICES MORRIS and ERICKSON, and HONORABLE T. E. DOWNEY, District Judge, sitting in place of MR. JUSTICE ARNOLD, disqualified, concur.