SANDERS, Administrator, Respondent, *v.* LUCAS et al.,
Defendants; McDONALD, Appellant.

(No. 8,137.)

(Submitted March 3, 1941.   Decided April 5, 1941.)

[111 P*t*.c. (2d) 1041.]

*Mr. S. P. Wilson, Messrs. McCaffery & McCaffery,* and *Mr. J. D. Taylor,* for Appellant, submitted a brief; *Mr. Wilson* and *Mr. Taylor* argued the cause orally.

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Respondent, submitted a brief; *Mr. Loble* and *Mr. Melvin E. Magnuson,* of Counsel, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was originally commenced by Mrs. Ike Sanders as plaintiff, but before trial she died and Wilbur Sanders, as administrator with the will annexed and sole legatee and devisee under the will, was substituted as party plaintiff.

The complaint alleges that on and prior to the 11th day of October, 1938, defendant John J. Lucas was the owner of a one-third interest in and to certain described lands situated in Granite county, and that Mrs. Sanders was the owner of the other two-thirds interest therein; that defendant Louise Lucas was his wife and had an inchoate right of dower in the property; that about the 9th of October, 1938, Mrs. Sanders em-

ployed defendant J. J. McDonald, an attorney at Philipsburg, as her attorney to purchase the interest of Lucas in the property for her; that the defendant McDonald did pursuant to said employment obtain an option on the property, but in breach of the trust reposed in him by Mrs. Sanders he took the option in his own name, and that thereafter he placed the option of record. The option called for the payment of $1,000 for the third interest, five dollars being paid down at the time of its execution, and the remainder to be paid within fifteen days thereafter. Mrs. Sanders notified the defendant John J. Lucas and his wife of her readiness, willingness and ability to pay the $995 upon procuring a deed to the property. Lucas and his wife declined to execute such a deed.

The separate answer of J. J. McDonald is a general denial, save and except he admits that he obtained an option to purchase the lands in question in his own name, and alleges that in procuring it he was acting for and on behalf of himself and not as the agent for Mrs. Sanders.

The separate answer of the defendants John J. Lucas and Louise Lucas may be termed an admission of most of the allegations of the complaint, but alleges that defendant J. J. McDonald, as well as Mrs. Sanders, demanded a deed to the property, and for that reason they were not willing to execute a deed to either of them until the court determines who is rightfully entitled to the property.

The cause was tried to the court sitting without a jury, the Honorable T. E. Downey, judge presiding. The issues were determined in favor of the plaintiff, and defendant J. J. McDonald appeals.

Briefly summarized, the court's findings are as follows: That Mrs. Sanders, whose husband died in 1931, understood the English language with some difficulty, she being of Finnish-Scandinavian birth; that she was the owner of an undivided two-thirds interest in certain described property, John J. Lucas owning the other one-third interest therein; that defendant J. J. McDonald had been the attorney for Ike Sanders prior to his death, and has since acted as an attorney for Mrs. Ike

Sanders until her death; that defendant J. J. McDonald advised Mrs. Sanders to acquire the one-third interest in the property held by Mr. Lucas; that on the 8th day of October, 1938, Mrs. Sanders gave defendant McDonald a check for $50 to pay his expenses in driving to California for the purpose of acquiring for her the one-third interest of Mr. Lucas in the property, Wilbur Sanders accompanying defendant McDonald to California. That defendant McDonald, while in California, obtained an option to purchase the Lucas interest in the property for $1,000, paying five dollars down and agreeing to pay the balance within fifteen days. The option was taken in his own name, but defendant stated to Mr. and Mrs. Lucas that he was procuring it for Mrs. Sanders. The court found that Mrs. Sanders thereafter offered to pay Mr. Lucas the amount called for in the option and that she has ever since that time been ready, willing and able to pay the same, but that Mr. and Mrs. Lucas have failed, neglected and refused to accept the tender. The court found that defendant McDonald is without any right in or to the property, and that plaintiff is the owner of the option and entitled to have it specifically performed. Conclusions of law and judgment followed the findings of fact.

Numerous specifications of error are made by the appellant, but they all raise but the one legal question and that is, whether the findings of fact and conclusions of law are supported by the evidence.

In reviewing the evidence, we keep in mind that we have the authority under section 8805, Revised Codes, to review all questions of fact, and that, if the evidence is not conflicting or if the conflict is trifling or unsubstantial, or if the evidence decidedly preponderates against the findings, we have the right to make our own conclusions (*State ex rel. Nagle* v. *Naughton*, 103 Mont. 306, 63 Pac. (2d) 123). However, where there is substantial evidence to support the findings, even though the evidence be conflicting, we will not interfere with the judgment and findings of the trial court. While we have the right to determine whether the findings are supported by a preponderance of the evidence (*Gibbs* v. *Gardner*, 107 Mont. 76, 80 Pac.

(2d) 370; *Dalbey* v. *Equitable Life Assurance Society of the United States,* 105 Mont. 587, 74 Pac. (2d) 432; *H. Earl Clack Co.* v. *Oltesvig,* 104 Mont. 255, 68 Pac. (2d) 586; *Missoula Light & Water Co.* v. *Hughes,* 106 Mont. 355, 77 Pac. (2d) 1041), yet we cannot say that the evidence decidedly preponderates against the findings when there is substantial evidence supporting them. Hence, our province is but to ascertain whether there is any substantial evidence to support the findings and conclusions of the trial court.

The gist of the controversy hinges upon the question whether defendant McDonald obtained the option for Mrs. Sanders or whether he did so in his own behalf. It is conceded that he did in fact procure the option and that he took it in his own name. There is testimony given by defendant McDonald and his wife tending to support the conclusion that in procuring the option he was acting in his own behalf but pursuant to directions from Mrs. Sanders. However, there is also ample evidence in the record sustaining the finding and conclusion of the court that he was acting as the agent for Mrs. Sanders in procuring the option. There is evidence that she gave him $50 to pay his expenses in driving to California to see Mr. Lucas, Wilbur Sanders accompanying him. Mr. and Mrs. Lucas and Sanders all testified that defendant McDonald told Mr. and Mrs. Lucas that he was acting for Mrs. Sanders in procuring the property. When the terms were agreed upon, Mr. Lucas suggested to defendant McDonald that he communicate with Mrs. Sanders by telephone or telegraph to ascertain whether she was willing to meet the purchase price. This, the defendant and Mr. Sanders suggested, could not be done for the reason that Mrs. Sanders lived on a ranch and could not be reached by telephone or telegraph. When defendant McDonald tendered the balance of the purchase price and demanded a deed, Mr. Lucas refused the tender because, as he said, "it was my agreement with Mr. McDonald that the deed should be made to Mrs. Ike Sanders and this verbal agreement was made in the presence of Mr. Wilbur Sanders." Other evidence in the record, both direct and circumstantial, corroborates the direct

testimony already alluded to that defendant McDonald in procuring the option was doing so as the agent of Mrs. Sanders and in her behalf. As above noted, there was evidence tending to support a different conclusion, but we cannot say from the record that the findings are not supported by substantial evidence.

The judgment is accordingly affirmed.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.