OPP, Appellant, v. BOGGS et ux., Respondents.

No. 8943

Submitted April 12, 1950. Decided June 7, 1950.

219 Pac. (2d) 647

Mr. Earle N. Genzberger, Mr. Francis J. McGan, Messrs. Genzberger and McGan, Butte, for appellant. Mr. Genzberger and Mr. McGan argued orally.

Mr. S. P. Wilson, Deer Lodge, Mr. R. E. McHugh, Anaconda, for respondents. Mr. Wilson and Mr. McHugh argued orally.

MR. JUSTICE FREEBOURN:

On July 16, 1945, Agnes Opp, plaintiff and respondent, instituted action against her sister Catherine Boggs and her brother-in-law, William H. Boggs, defendants and appellants, by filing, in the district court of Deer Lodge county, a complaint which in brief alleged: That in July 1921, plaintiff became the owner of

real property located at No. 701 Cherry Street, in Anaconda, Montana, described as Lot 12, Block 116, original townsite of Anaconda; that on November 18, 1924, she deeded such property to her mother, Lenora Leahy, as plaintiff's trustee; that on February 22, 1928, without plaintiff's knowledge or consent Lenora Leahy deeded the property to her daughter and plaintiff's sister, now Catherine Boggs; that Catherine Boggs became plaintiff's trustee in holding said property and, on December 3, 1942, without plaintiff's knowledge and consent, recorded a deed of such property to William H. Boggs, Catherine Boggs' husband; and that ever since Mr. and Mrs. Boggs have denied plaintiff's ownership of such property.

In the prayer of the complaint plaintiff asked: That William H. Boggs be found to hold such property as trustee for plaintiff; that such trusteeship be terminated; that plaintiff be found to be the real owner of such property; and that title be quieted in plaintiff.

By answer defendants denied the material allegations of the complaint and set up a number of defenses, among them: That plaintiff's action was barred under Montana statutes and by laches; that the alleged trust was void because not in writing; and that plaintiff was estopped from asserting her action by reason of hostile possession of the property and by money expended on said property by defendants. The affirmatve allegations of the answer were traversed by plaintiff's reply.

Upon trial before the lower court, sitting without a jury, in July 1946, the issues were found in favor of defendants. Appeal was taken which was decided by this court on March 4, 1948, and is reported as Opp v. Boggs et ux., 121 Mont. 131, 193 Pac. (2d) 379. The cause was remanded to the lower court for further proceedings in conformity with this court's opinion.

Upon return of the cause to the lower court, without submission of further evidence, the matter was submitted to the trial judge upon the transcript made on the first appeal.

From a judgment in favor of plaintiff rendered May 19, 1949, defendants appeal.

The material parts of the judgment before us on this appeal, which incorporated the findings of fact and conclusions of law are: That the deed of November 18, 1924, from plaintiff to her mother, Lenora Leahy, made Lenora Leahy a trustee holding the property for plaintiff's benefit; that the deed of February 23, 1928, from Lenora Leahy to her daughter, Catherine Boggs, conveyed title to Catherine Boggs as trustee for plaintiff; and that the deed of August 21, 1941, from Catherine Boggs to William H. Boggs, her husband, was impressed with such trust; that William H. Boggs held such property as trustee for plaintiff and that title to the property is quieted in plaintiff.

We are satisfied, after a careful reading of the transcript, briefs of counsel and our opinion in Opp v. Boggs, supra, that contradictory statements in such opinion led the lower court into error.

Upon return of the cause to the lower court, the trial court assumed, and with good cause, that we found a trust existed between plaintiff and her mother Lenora Leahy, by virtue of the deed of November 18, 1924, as a matter of law and fact.

We intended the court to understand that, as a matter of law there was sufficient evidence on plaintiff's behalf, if believed, to establish such trust, but since defendant's evidence, if believed, showed no trust, it was up to the trial court to decide which witnesses were entitled to credence and if the trust was in fact established by the evidence.

The plaintiff and her mother testified a trust was intended. Catherine Boggs denied this. Many facts and circumstances tend to support defendants' contentions, which are inconsistent with ownership in plaintiff.

The deed from plaintiff to her mother makes no mention of a trust or that plaintiff retained any interest in the property. It appears to be a clear grant for a valuable consideration. There

is no other writing showing a trust was intended. The trust rests solely upon the parol testimony of plaintiff and her mother.

Since 1937 defendants have occupied the premises as a home. During this time their actions were those of owners. They, and Catherine since 1924, paid the taxes and kept up fire insurance on the property. They put in cement sidewalks, paid for street improvements and remodeled the home. They expended between three and four thousand dollars on it. They paid no rent to plaintiff and none was demanded by her. To the contrary plaintiff paid rent for use of the garage, a part of the premises.

During all of these years plaintiff in no way interfered with defendants' possession and exercised no rights of ownership over the property until May 1945, when in a dispute with Catherine, she said: "This will be the sorriest day of your life, Catherine."

In this case the credibility of the witnesses is of prime importance since the trust issues rest on parol evidence.

The trial judge, who saw and heard the witnesses, can better determine where the truth lies than this court with but the cold record before it.

If the trial court finds no trust existed by virtue of the deed from plaintiff to Lenora Leahy, judgment should be entered for defendants and ownership quieted in William H. Boggs.

If such trust is found to exist, the lower court will then find if such trust impresses the subsequent deeds and what, if any, equities exist between the parties, entering judgment accordingly.

For the reasons stated the cause is remanded for further proceedings in accordance with the directions herein.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, METCALF and BOTTOMLY concur.

Rehearing denied July 6, 1950.