WILFRED W. POEPPING, Plaintiff and Respondent, *v.* ROSE E. MONSON, Defendant and Appellant.

No. 10020.

Submitted March 3, 1960. Decided May 27, 1960.

Rehearing denied July 26, 1960.

353 P.2d 325.

354 P.2d 183.

40

Loble, Picotte & Hooks, Helena, for appellant. Patrick F. Hooks argued orally.

Skedd, Harris & Massman, Helena, for respondent. L. V. Harris argued orally.

HONORABLE ERNEST E. FENTON, District Judge, sitting in place of MR. JUSTICE BOTTOMLY delivered the Opinion of the Court.

This suit was instituted to obtain a determination that the defendant, who is the mother-in-law of plaintiff, holds an undivided one-half interest in certain real property in trust for the benefit of the plaintiff. Following the trial, the lower court expressly found the allegations of plaintiff's complaint to be true and the allegations of defendant's answer and cross-

complaint to be untrue. Judgment was entered for the plaintiff, and the defendant appealed.

The complaint, found by the lower court to be true in all respects, alleged in substance that on or about May 22, 1957, plaintiff and his wife, Carol Ann Poepping, entered into a contract to purchase certain real estate; that they paid the purchase price of $10,000, more than one-half thereof being paid from funds of the plaintiff; that the defendant paid no part of the purchase price; that the property was conveyed to Carol Ann Poepping and the defendant; that by reason of plaintiff's payment of over one-half of the purchase price he has an equitable right to the one-half interest so conveyed to the defendant, and that defendant holds said one-half interest in trust for plaintiff's use and benefit.

Prior to the execution of the contract for deed plaintiff and his wife paid $1,500 on the purchase price, and by the contract for deed they jointly and severally bound themselves to pay the balance of $8,500; but instead of providing for a deed to Carol Ann Poepping and the plaintiff, it was stipulated that upon full payment conveyance should be made by deed to Carol Ann Poepping and the defendant, Rose E. Monson, notwithstanding that the defendant, Mrs. Monson, was not a party to or in any manner obligated by the contract for deed. Thereafter the land in question was conveyed by warranty deed to Carol Ann Poepping and the defendant. By her answer and cross-complaint the defendant alleged ownership as a joint tenant with Carol Ann Poepping, and sought a decree quieting her title.

Pursuant to its findings that the allegations of the complaint were true and that the allegations of the answer and cross-complaint were untrue, the lower court concluded that the plaintiff is the owner and entitled to possession of an undivided one-half interest in the above-mentioned real property; that the defendant holds the naked legal title to an undivided one-half interest in the property and should be required to convey the same to plaintiff; and that the title to the undivided one-half

interest now held in the name of the defendant should be quieted in plaintiff.

In brief, the evidence shows that Wilfred Poepping, with money earned and saved by him, paid the greater part of the purchase price of a home for himself and wife, located on Lincoln Avenue, in Helena. Title to the Lincoln Avenue home was taken in the name of his wife, Carol Ann Poepping. Approximately a year later Mr. and Mrs. Poepping and her parents, John Monson and Rose E. Monson, discussed the purchase of the property which is the subject of this action. This property, referred to in the testimony as the Blue Cloud Ranch, was under consideration as a future location for a trailer court and motel business to be operated as a joint enterprise of the two families. It was tentatively understood that each of the two families would share in the enterprise in proportion to their respective contributions; that Mr. and Mrs. Poepping would contribute the amount to be realized from the sale of their Lincoln Avenue home; and that Mr. and Mrs. Monson would contribute the amount to be realized from the sale of a home on Peosta Avenue in Helena standing in the name of Mrs. Monson. Pursuant to these discussions, and without any formal agreement between the members of the two families, Wilfred Poepping negotiated the purchase of the Blue Cloud Ranch, and he and his wife, Carol Ann, entered into the contract for deed, hereinbefore referred to, by which it was provided that this property should be conveyed unto Mrs. Poepping and her mother, Rose E. Monson. This arrangement was made at the suggestion of plaintiff's father-in-law, John Monson.

The Lincoln Avenue property was sold and the net proceeds, in the amount of $7,700, were applied in payment of the balance then owing on the purchase price of the Blue Cloud Ranch. The payments over and above this $7,700 were made from a joint checking account derived from earnings of both Wilfred and Carol Ann Poepping. The Peosta Avenue property was not sold.

In July 1957, both families took up residence together in the house on the Blue Cloud Ranch. The final payment of $7,700 was made in August 1957. In April 1958, the plaintiff left the Blue Cloud Ranch. The domestic arrangement, which placed plaintiff and his wife under the same roof with his father-in-law, his mother-in-law, and his brother-in-law, was not a happy one. Plaintiff's wife sued for divorce, and at the time of the trial of the case at bar the divorce action was pending and undetermined.

The Peosta Avenue property was transferred by Mrs. Monson to Carol Ann Poepping, by deed bearing date October 27, 1957. Defendent contended that this transfer to her daughter was made in substitution for the sale and contribution of the sale price contemplated by the original understanding between the two families. Plaintiff denied any knowledge of this conveyance prior to the time of trial. His father-in-law testified that plaintiff knew of this arrangement and agreed to it. There was also a conflict in the evidence concerning amounts paid for land-leveling and repairs claimed by the father-in-law as a contribution toward the development of the proposed tourist court project. It may be added that the tourist court never materialized.

By the findings of the lower court, the conflicts in the evidence were resolved in favor of the plaintiff. Defendant challenges the correctness of these findings by her appeal. While, as stated in Sanders v. Sanders, 124 Mont. 595, 597, 229 P.2d 164, it is true that this court has the right to make independent findings of fact in an equity case, after a review of all of the evidence, that statement is modified by the following language, which is applicable, to the case at bar:

"But if there is in the record substantial evidence supporting the findings of the trial court we will not interfere with those findings. Barcus v. Galbreath, 122 Mont. 537, 207 P.2d 559; Sanders v. Lucas, 111 Mont. 599, 111 P.2d 1041; Conway v. Fabian, 108 Mont. 287, 89 P.2d 1022; Hayes v.

Moffatt, 83 Mont. 214, 271 P. 433; Reynolds v. Trbovich, 123 Mont. 224, 210 P.2d 634. And where the evidence is conflicting we follow the conclusion of the trial judge by reason of the fact that he has the advantage denied to us of observing the witnesses and noting their conduct and demeanor on the stand. Welch v. Thomas, 102 Mont. 591, 61 P.2d 404; Lewis v. Bowman, 113 Mont. 68, 121 P.2d 162; Sanger v. Huguenel, 65 Mont. 236, 211 P. 349; Opp v. Boggs, 124 Mont. 98, 219 P.2d 647.''

Error is also assigned because of the refusal of the lower court to order Carol Ann Poepping brought in as an additional party defendant. Mrs. Poepping herself made no application for leave to intervene, but during the trial the defendant moved to have her joined as a party. Section 93-2828, R.C.M. 1947, in part, provides that ''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others''. In this case there was involved only the one-half interest in contention between the plaintiff and defendant. Plaintiff claimed equitable title to an undivided one-half interest ''by reason of the fact that plaintiff has paid over one-half of the purchase price for said property'', and this allegation was found to be true. Notwithstanding payment of more than one-half of the purchase price, plaintiff expressly renounced any claim to the one-half interest conveyed to his wife. Irrespective of whether the plaintiff or defendant prevailed in this case, Carol Ann Poepping would still have her undivided one-half interest. Hence, the lower court did not lose jurisdiction as contended by defendant, by reason of the failure to bring in Mrs. Poepping as a party defendant.

Defendant further specifies error in the lower court's findings upon the ground that plaintiff's proof failed to overcome the presumption that Carol Ann Poepping owned the Lincoln Avenue property as the result of a gift from the plaintiff and that, accordingly, she, rather than the plaintiff, should be determined to have paid the $7,700 realized from the sale of

this property. The presumption of gift which arises when a husband purchases property and places title in his wife's name is a rebuttable presumption. Clary v. Fleming, 60 Mont. 246, 198 P. 546; McQuay v. McQuay, 81 Mont. 311, 320, 263 P. 683; Lewis v. Bowman, 113 Mont. 68, 77, 121 P.2d 162. Since as above mentioned, $7,700 of the $10,000 paid for the Blue Cloud Ranch was represented by the proceeds from the sale of the Lincoln Avenue property, and since the lower court found it to be a fact, as alleged by plaintiff, that over one-half of the purchase price was paid by plaintiff, it follows that the court in effect held that the evidence was sufficient to overcome the presumption of a gift of the Lincoln Avenue property to Mrs. Poepping. This finding of the lower court must be sustained under the rules hereinbefore quoted from Sanders v. Sanders, supra, 124 Mont. 595, 229 P.2d 164. See, also, Havre Irrigation Co. v. Majerus, 132 Mont. 410, 414, 318 P.2d 1076; Dalakow v. Geery, 132 Mont. 457, 318 P.2d 253.

However, the existence of the resulting trust claimed by plaintiff is not solely dependent upon the finding that the payment of the proceeds from the sale of the Lincoln Avenue property was a payment *by* plaintiff. It is provided by section 86-103, R.C.M.1947, that ''When a transfer of real property is made to one person, and the consideration thereof is paid *by or for* another, a trust is presumed to result in favor of the person *by or for* whom such payment is made.'' Emphasis supplied.

Plaintiff and his wife, jointly and severally, obligated themselves to pay the $8,500 balance secured by the contract for deed covering the Blue Cloud Ranch. Payments were to be $100 per month, but this significant proviso was added: ''* * * it being understood, however, and made a part of this contract, that the balance to be paid, namely $8,500.00, must be paid in six months *or upon the sale of the property located at 1717 Lincoln Street, Helena, Montana,* but in no event to exceed the period of six months from the date of execution of this con-

tract.'' Thus did both plaintiff and his wife commit the Lincoln Avenue property to the payment of their joint and several obligations. Payment of the proceeds from the sale of the Lincoln Avenue property was a payment *by* plaintiff if he owned that property, and was a payment *for* plaintiff if it was the sole property of his wife.

In either case, under section 86-103, ''a trust is presumed to result in favor of the person *by or for* whom such payment is made.''

It was held in McKenzie v. Evans, 96 Mont. 1, 29 P.2d 657, that to create a resulting trust in real property, under the statute last-cited, it is not necessary that the person, for whose benefit a conveyance is made, must pay the money; if it is advanced by another for or on his behalf it is sufficient.

In the ordinary case, a resulting trust arises in favor of the payer of the purchase price of property where the price is paid by one person and the title is taken in the name of another. However, as stated in 89 C.J.S., Trusts, § 121, p. 975, it is not required, in order to establish a resulting trust, that he who claims the existence of the trust must ''actually count out and pay down the money to the vendor; it is sufficient if the money or its equivalent is furnished to the person who pays the purchase money, or if there is an absolute obligation to pay, incurred by the person claiming the benefit of the trust, or by some other person on his behalf, as a part of the original transaction of purchase.'' This rule is also found in Restatement, Trusts, § 456, at pp. 1389-1390:

''*Purchase on Credit.* Where a transfer of property is made to one person, and another person at the time of the transfer undertakes an obligation to pay the purchase price, a resulting trust arises in favor of the latter person, unless he manifests an intention that no resulting trust should arise.

''*Comment*: a. *Purchase on Credit of purchaser.* The rule stated in this Section is applicable where a person other than

the transferee undertakes an obligation to the vendor to pay the purchase price.''

The applicability of this rule to the facts herein is apparent, since it is undisputed that the plaintiff undertook an obligation to the vendor to pay the purchase price of the interest conveyed to the defendant.

A further assignment of error is based upon the contention that plaintiff failed to prove payment of an aliquot part of the entire purchase price which would thereby entitle him to a corresponding aliquot interest in the property purchased.

In the case at bar, there was a purchase of property by two persons, and a conveyance of the legal title to two persons, without any indication as to the share or interest which each should take. It is the rule that when property is purchased by two persons without specifying any other interest, the inference arises prima facie that each owns an undivided one-half interest. Ivins v. Hardy, 120 Mont. 35, 40, 179 P.2d 745. Plaintiff claimed the one-half interest standing in the name of the defendant, and disclaimed the one-half interest conveyed to his wife. As hereinabove pointed out, the lower court found that plaintiff paid over one-half of the purchase price of the Blue Cloud Ranch. Thereby he paid more than the entire purchase price of the one-half interest so claimed by him. Hence, this does not appear to be a case of part payment requiring apportionment of an aliquot share corresponding to the partial payment, but is instead full payment, and more, for the one-half interest which is the sole subject of this lawsuit.

However, even though we accept defendant's theory that the claimed trust affects the entire property rather than only the interest standing in the name of the defendant, the trust would nevertheless result under the rule stated in Restatement, Trusts, § 454, p. 1375, as follows:

''When a transfer of property is made to one person and a part of the purchase price is paid by another, a resulting trust arises in favor of the person by whom such payment is made

in such proportion as the part paid by him bears to the total purchase price, unless he manifests an intention that no resulting trust should arise *or that a resulting trust to that extent should not arise.*" Emphasis supplied.

Here, the plaintiff unequivocally manifested his intention to claim no more than the one-half interest standing in the name of the defendant and the language above emphasized is therefore applicable.

It is stated in section 216, 54 Am.Jur., Trusts, p. 166, that "The cases uniformly hold that a trust will result in favor of one paying a part of the purchase money for property conveyed to another, where the sum contributed is for some special fractional interest or for a particular estate or interest therein." In this case, the sum contributed by plaintiff was "for a particular estate or interest therein," namely, the one-half interest conveyed to the defendant and was not a mere general payment.

Defendant further contends that the complaint failed to state a cause of action by reason of the absence of any allegation that a demand was made for a reconveyance. However, the testimony of the defendant herself clearly demonstrated that such a demand would have been met with refusal, and that the making of the demand would have been useless. Plaintiff's contention is therefore answered by the rule that the law neither does nor requires idle acts. R.C.M.1947, § 49-124. While a demand is ordinarily required as a condition precedent to a suit by a *cestui que* trust against a trustee, no demand is necessary when it would be of no avail. 90 C.J.S., Trusts, § 452, p. 867.

Other specifications presented by the defendant have been examined and found to be without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, concur.

On petition for rehearing.

PER CURIAM.

IT IS ORDERED that appellant's petition for rehearing herein be denied.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES CASTLES and THE HONORABLE ERNEST E. FENTON, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ADAIR:

On petition of the appellant, Rose E. Monson, for a rehearing of this appeal I have again reviewed the arguments and authorities given and relied upon by the parties hereto and, at this time, desire to make it clear that my concurrence in the majority opinion filed herein does not extend to a concurrence in the language there quoted from the case of Sanders v. Sanders, 124 Mont. 595, 229 P.2d 164, where, in my dissenting opinion I expressed my views concerning the language from the Sanders case, supra, which again appears in the instant case of Poepping v. Monson. My views continue as they are stated in my dissent in Sanders v. Sanders, supra, and I here reaffirm what I there said, and in the instant Poepping case I agree only with the result reached in the majority decision.

MR. JUSTICE ANGSTMAN dissenting:

On motion for rehearing, defendant Rose Monson again contends that the court erred in not requiring Carol Ann Poepping to be made a party defendant. Her contention is that defendant Rose Monson had the right to the benefit of the testimony of Carol Ann Poepping to sustain the presumption that the Lincoln Avenue property held in the name of Carol Ann Poepping was a gift to her from her husband, the plaintiff, and in consequence the proceeds from the sale of the Lincoln Avenue property used to purchase the Blue Cloud Ranch was all her money, in which plaintiff had no interest, and hence, that plaintiff has no interest

in the property, but that it belongs to defendant Rose Monson and Carol Ann Poepping as joint owners with the right of survivorship as the deed to them declares.

Plaintiff contends that defendant did not, by her answer, claim title through her daughter Carol Ann Poepping. The rule is that the plaintiff in a suit to quiet title need not deraign his title in his complaint. Thomson v. Nygaard, 98 Mont. 529, 41 P.2d 1; Nadeau v. Texas Company, 104 Mont. 558, 69 P.2d 586, 593, 111 A.L.R. 874; Polson Sheep Co. v. Owen, 110 Mont. 601, 106 P.2d 181. And a defendant who seeks to have title quieted in him need do no more than if he were the plaintiff seeking to quiet title in himself as plaintiff. 74 C.J.S., Quieting Title, § 70b, p. 102. His pleading need not set forth the evidence by which he expects to prove his title. Id. p. 103, note 45.

Here defendant Rose Monson alleged generally that she was the joint owner with Carol Ann Poepping of the property in question. She was entitled to the benefit of the testimony of Carol Ann Poepping to sustain the presumption that the latter held the Lincoln Avenue property as a gift from her husband. Defendant made a long offer of proof as to what Carol Ann Poepping would testify to. In substance, it would have sustained the presumption of a gift to her of the Lincoln Avenue property and that the proceeds from the sale of the property were hers and hers alone. That proffered evidence should have been considered by the trier of the facts as evidence tending to sustain the presumption of a gift.

Likewise, the offer of proof showed that Carol Ann Poepping would testify that defendant owned a one-half interest in the Blue Cloud Ranch; that defendant deeded to Carol Ann Poepping property on 904 Peosta Street for the one-half interest in the Blue Cloud Ranch, all pursuant to an arrangement agreed to by plaintiff, Wilfred Poepping.

Here, both plaintiff and defendant Rose Monson concede that Carol Ann Poepping owns a one-half interest in the Blue Cloud Ranch. The only issue in controversy is whether plaintiff

or Rose Monson owns the other one-half interest. That question can be determined only by first determining who was the owner of the Lincoln Avenue property. In order to make that determination, Carol Ann Poepping was a necessary and indispensable party.

If the judgment as now rendered stands, defendant would undoubtedly have some rights against Carol Ann Poepping for having transferred the Peosta Avenue property to her without receiving anything in return.

The rights of Carol Ann Poepping may not thus be affected by litigation in which she was not a party. On further consideration of the case, on motion for rehearing, I think the court should have ordered her in as a party and received her testimony under section 93-701-1. In consequence I think the motion for rehearing should be granted or the opinion changed.