RAYMOND J. JOHNSON, Plaintiff and Appellant, v. SILVER BOW COUNTY et al., Defendant and Respondent.

No. 11429.
Submitted May 8, 1968. Decided June 19, 1968.
443 P.2d 6.

Maffei & Harrington, Maurice Maffei (argued), Butte, for plaintiff and appellant.

Poore, McKenzie, Roth & Robischon, Allen R. McKenzie (argued), Butte, for defendant and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal by the plaintiff from the adverse judgment in a quiet title action. The plaintiff brought this action to quiet title to certain property and defendants Brasier counterclaimed. The court found for the Brasiers on the counterclaim and plaintiff appeals.

The property involved is located in Silver Bow County, Montana, and consists of one hundred sixty-six and one one-hundredth (166.01) acres.

The chain of title began with a patent from the United States to one Henry Holthusen on November 26, 1920. On November 19, 1923, Henry Holthusen transferred his interest in the property to one William T. Holthusen. On July 22, 1925, Silver Bow County put the property up for sale at a tax sale for delinquent 1924 taxes. Apparently there were no bidders and the county purchased the property. Section 84-4124, R.C.M. 1947. The property has to this date continued to be

carried on the assessment rolls in the name of William T. Holthusen.

On May 23, 1949, defendants Brasier paid the back taxes, interest and costs and received an assignment of tax sale certificates from Silver Bow County. On February 14, 1952, the plaintiff recorded a deed purporting to convey to him, on July 9, 1949, the interest in the property of one Felix Driver. Also on February 14, 1952, plaintiff paid the Treasurer of Silver Bow County the amount of the delinquent taxes on the property and received a certificate of redemption from the tax sale in the name of William T. Holthusen. This action was then instituted.

Plaintiff relies on adverse possession for his claim of title. He contends that Felix Driver listed on the property from 1937 until 1949 and qualified under section 93-2511, R.C.M. 1947, for title by adverse possession by fencing and running livestock on the property. Plaintiff asserts that the adverse possession of Felix Driver, plus that of his own, from 1949 to 1952 is sufficient to establish title by adverse possession. He asserts that he can take advantage of Felix Driver' adverse possession because of the conveyance to him of Felix Driver's interest in the property. Finally plaintiff claims that the Brasiers have no interest by virtue of the assignment of tax sale certificate because of plaintiff's redemption from the tax sale in the name of William T. Holthusen.

The Brasiers claim title in themselves by virtue of the assignment of tax sale certificate and by virtue of continued possession and use.

The district court found that plaintiff had not established any interest by adverse possession and gave judgment to defendants Brasiers on their counterclaim.

The important date for the purposes of this lawsuit is February 14, 1952, the date the action was commenced. Any right, title or interest must have been established on that date.

286

Events occurring after that date are immaterial to the decision here.

Plaintiff claims the finding of the district court that adverse possession was not proved is in error. In reviewing such findings of fact this Court will view the evidence in the light most favorable to the prevailing party. Barcus v. Galbreath, 122 Mont. 537, 207 P.2d 559. The Court must uphold the findings unless the evidence decidedly or with decisive clarity preponderates against them. Studer Const. Co. v. Rural Special Impr. Dist., 148 Mont. 200, 418 P.2d 865. The Supreme Court will follow the conclusion of the trial judge when the evidence is conflicting since he has the advantage of observing the witnesses and their conduct on the stand. Poepping v. Monson, 138 Mont. 38, 353 P.2d 325, 354 P.2d 183.

To establish title by adverse possession when no written claim of title exists the property must have been protected by a substantial enclosure and it must have been usually cultivated or improved. Section 93-2511, R.C.M.1947. The statute of limitations applicable at the time of this suit was 10 years. Section 93-2513, R.C.M. 1947, before amendment by § 7, Ch. 224, Laws of 1953.

It is claimed that Felix Driver went on the property in 1937 and that plaintiff came on the property in 1949. There was testimony that Felix Driver fixed the fences and ran livestock on the property until 1949. To the contrary, there was evidence introduced by the Brasiers that as of 1944, and thereafter, no livestock of Driver's was on the land and that the Brasiers ran livestock on the land after 1944. There is also conflicting testimony on the question of the existence and upkeep of fences.

There is conflicting evidence here and we cannot say that the evidence clearly and decisively preponderates for the plaintiff. Therefore, we do not reverse the district court finding that adverse possession was not established. We hold that

Felix Driver did not establish title by adverse possession and plaintiff has not proved his case.

Plaintiff also attacks the finding of the court granting relief on the respondents' counterclaim. For the Brasiers to succeed on their counterclaim, they must win on the strength of their own case and not on the weakness of their adversary. Smith v. Whitney, 105 Mont. 523, 74 P.2d 450; McAlpin v. Smith, 123 Mont. 391, 213 P.2d 602. The question is then what was the Brasiers' interest in the property. They held an assignment of tax sale certificate. This transferred the interest of the county and gave the assignee the same rights with regard to securing a deed as any purchaser of land at a tax sale. Section 84-4138, R.C.M.1947. The interest acquired by an assignee of a tax sale certificate is an inchoate right which could ripen into title on compliance with the statutory requisites and procedure. State ex rel. City of Billings v. Osten, 91 Mont. 76, 5 P.2d 562; Blackford v. Judith Basin County, 109 Mont. 578, 98 P.2d 872, 126 A.L.R. 639. The Brasiers did not apply for a tax deed as is required by section 84-4151, to acquire title to the property. Since they did not comply with the statutes they do not have any interest in the property other than the assignment of the tax sale certificate. Thus the district court was in error in granting judgment to the Brasiers on the counterclaim.

The judgment is affirmed in part and reversed in part. Each party shall bear their own costs.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.