No. 12757

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STANLEY and LuELLA HORACEK,
husband and wife,

        Plaintiffs and Appellants,

-vs-

WILLIAM and VELMA HUDSON,
husband and wife,

        Defendants and Respondents.

---

Appeal from: District Court of the Fourteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Robert L. Stephens argued, Billings, Montana

    For Respondents:

        Michael J. Whalen argued, Billings, Montana

---

Submitted: April 8, 1975

Decided: AUG 5 1975

Filed: AUG 5 1975

*Thomas J. Kearney*
               Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Musselshell County, Hon. Nat Allen, sitting without a jury. The judgment denied relief in a quiet title action to plaintiffs Stanley and LuElla Horacek, husband and wife, and quieting title in defendants William and Velma Hudson, husband and wife.

The record contains a long recital of facts leading back to the antecedents of the parties through whom each claims title to the property in question. Two lots are involved, Lots 9 and 10, Block 3, Original Townsite of Farrall, an old subdivision south of Roundup, Montana.

Plaintiffs claim title through one Leo Sedlacek who purchased and resided on Lots 5, 6, 7, and 8, Block 3 of the subdivision and which abut the lots involved here, Lots 9 and 10. Record title to Lots 9 and 10 was held by Dominic Vescovi and his wife, Jennie. Defendants claim title through Dominic and Jennie Vescovi.

Here, the controlling question is---is there evidence to support plaintiffs' claim that Leo Sedlacek acquired title to the lots from Dominic and Jennie Vescovi through adverse possession?

The property was at all times assessed to Dominic and Jennie Vescovi and the tax notices were addressed to them, in care of Sedlacek. Sedlacek paid the taxes for the required number of years. However, defendants contend that this was the agreed lease payment for the use of the land to grow garden products.

Plaintiffs in their challenge of the district court's judgment that Sedlacek had not acquired title to Lots 9 and 10 through adverse possession, maintain Sedlacek's possession of the property met all requirements of Montana law to establish adverse

possession. Plaintiffs point out there is no factual dispute that Sedlacek actually and continuously occupied the land in question for at least fifteen years prior to his death. Section 93-2510, R.C.M. 1947. Plaintiffs also assert Sedlacek enclosed the land in question with a substantial enclosure and cultivated it annually by preparing and growing his truck garden. Section 93-2511, R.C.M. 1947. Further, Sedlacek paid all of the property taxes. Section 93-2513, R.C.M. 1947.

Plaintiffs argue there has been no proof that a landlord-tenant relationship ever existed except for hearsay testimony from one of defendants' witnesses, admitted over objection of plaintiffs; that the continuous, unexplained and uninterrupted use of the land is sufficiently adverse to sustain their claim. Plaintiffs presented witnesses who testified Leo Sedlacek leased a portion of Lots 9 and 10 to them during his lifetime. They further argue that Sedlacek's leasing of the land and ultimately his conveying the land are clear unequivocal acts manifesting an intent to dispossess the prior owner.

Finally, plaintiffs argue that Brown v. Cartwright, 163 Mont. 139, 515 P.2d 684, stands for the proposition that the question of adverse possession is one of intent of the parties to be discovered from all the circumstances. Further, that the trial court erred in finding that plaintiffs failed to carry the burden of establishing title by adverse possession. In support they cite Wilson v. Chestnut, 164 Mont. 484, 525 P.2d 24, 31 St.Rep. 606, as authority that the burden rests on defendants.

Here, the legal title at all times during the alleged adverse possession was in Dominic Vescovi and his wife, Jennie. Under the provisions of section 93-2507, R.C.M. 1947, occupation of property by any person other than the legal title holder is deemed to have been under and in subordination to the legal title.

Where defendants, as here, show they are successors to the owner of the legal title, they have made a prima facie case on their crossclaim and the burden is then cast upon plaintiffs to establish their adverse possession. Smith v. Whitney, 105 Mont. 523, 74 P.2d 450.

The evidence in the record in the instant case at the very best is in conflict as it relates to the matter of hostile possession by plaintiffs. Under such circumstances this Court will view the evidence in a light most favorable to the prevailing party in the district court and uphold its finding unless the evidence preponderates against the defendants. Johnson v. Silver Bow County, 151 Mont. 283, 443 P.2d 6.

We do not disagree with the rationale in Brown, relied on by plaintiffs, however, a casual reading of Brown demonstrates that the facts there are clearly distinguishable from the instant case.

In Wilson, cited by plaintiffs to demonstrate the burden of proof rests on defendants, this Court was dealing/an alleged prescriptive right to use an easement and was determining where the burden of proof might be from time to time in such a case.

There is nothing in Wilson that can be construed to hold that the burden of proving his own title does not fall first to any claimant. Lunceford v. Trenk, 163 Mont. 504, 518 P.2d 266, quoted with approval in Wilson.

There is substantial credible evidence to support the trial court and reviewing the evidence in a light most favorable to the prevailing party, we find it does not preponderate with any clarity against defendants.

The judgment is affirmed.

_____
Justice

- 4 -

We concur:

_____
Chief Justice

_____
Wesley Castles

_____
Frank I. Haswell

_____
John Conway Harrison
Justices.

- 5 -