No. 80-10

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

LAWRENCE C. STIMATZ,

                                Plaintiff and Appellant,

        -vs-

THE STATE OF MONTANA, DEPARTMENT OF REVENUE,
et al.,

                        Defendants and Respondents.

Appeal from:   The District Court of the Second Judicial District,
               In and for the County of Silver Bow, the Honorable
               James Freebourn, Judge presiding.

Counsel of Record:

        For Appellant:

        Maurice A. Maffei, Butte, Montana

        For Respondent:

        Poore, Roth, Robischon and Robinson, Butte,
        Montana

                        Submitted on Briefs:  June 5, 1980

                                Decided:  AUG 1 3 1980

Filed:  AUG 1 3 1980

*Thomas J. Kearney*
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff appeals from a judgment in favor of defendants granted by the District Court of the Second Judicial District, in and for the County of Silver Bow.

In February 1940, Helen C. Hodapp, one of the respondents, received legal title to a one-half interest in Lots 5, 6, 7, 8 and 9 in Block 5 of McQueeney's Subdivision to the City of Butte, Montana, by distribution from the estate of her mother, Estelle Conroy. The other one-half interest was distributed to John H. Conroy. Lois P. Conroy and Nancy C. Boll each inherited an undivided one-fourth interest in the lots from John H. Conroy when he died in 1958.

In 1965 and 1970, Lawrence G. Stimatz, appellant, obtained tax assignment certificates pertaining to the lots from Silver Bow County and thereafter paid all real property taxes levied on the lots until 1978.

On April 20, 1978, appellant filed an action in the District Court of the Second Judicial District for the purpose of quieting title to the lots, basing his action on adverse possession.

In addition to asking that the title to the property be quieted to him, appellant asked that in the event of any redemption of the property appellant be allowed his costs, including but not limited to the payment of taxes, penalties and interest, title search, management fees, reasonable attorney fees and costs of suit.

The court entered a judgment quieting title in the names of Helen C. Hodapp, Lois P. Conroy and Nancy C. Boll, finding that appellant had not protected the lots by a substantial enclosure or cultivated or improved the same as required by section 70-19-410, MCA, to uphold a claim of adverse possession.

Appellant presents two issues for review on appeal:

1. Did the District Court err in granting judgment in favor of respondents?

2. If this Court finds that the District Court did not err in granting the judgment, did the court err in not awarding appellant his costs expended including reasonable attorney fees?

Section 70-19-410, MCA, provides as follows:

"For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

"(1) Where it has been protected by a substantial enclosure;

"(2) Where it has been unusually cultivated or improved."

As appellant does not claim title based upon any written instrument or decree, he must comply with the provisions of section 70-19-410, MCA, to be considered as having any possession of the property sufficient to ripen into title by adverse possession. Johnson v. Silver Bow County (1968), 151 Mont. 283, 443 P.2d 6; Martin v. Randono (1978), 175 Mont. 321, 573 P.2d 1156.

Appellant admits he did not "enclose" or "cultivate" but claims to have satisfied the applicable statutory requirement for adverse possession by "improving" the land in question. Appellant basis this claim on evidence that the nature and character of the area in question is identical, and that adjoining property owners treat their land in the same way as he.

In effect appellant is arguing that the Court should equate maintenance of the property for its ordinary use with the requirement of "improve," that so long as any claimant

maintains the land in the same condition as the surrounding property, a claim for adverse possession can be upheld.

In support of his argument, appellant relies on two cases. Kenny v. Bridges (1949), 123 Mont. 95, 208 P.2d 475, and Sullivan v. Neel (1937), 105 Mont. 253, 73 P.2d 206. In both cases the Court upheld a claim for adverse possession based on an occupancy which maintained the ordinary use of the land. It should be noted, however, these cases deal with a plaintiff claiming title founded upon a written instrument or judgment, which is not the situation here.

When dealing with such a claim as presented in Kenny and Sullivan, the Court will look to section 70-19-408, MCA. Under this statute, the land is deemed to be possessed for the purpose of constituting adverse possession where the land "although not enclosed has been used . . . for the ordinary use of the occupant." However, in that appellant is not claiming title founded on an instrument or judgment, this statute is not applicable. A claim for adverse possession by appellant is specifically limited to those instances listed in section 70-19-410, MCA.

Appellant did not enclose or cultivate the property. The only activity engaged in by appellant in regard to the land was that he looked it over, paced it out, paid the taxes, sketched it, visited it approximately every three months, and entertained purchase inquiries. As the evidence shows, appellant did not make any attempt to improve the property but was willing to let the property rest as it was found. Suffice it to say this does not fulfill the requirements of the statute.

Finding that appellant did not establish adverse possession, we must consider the second issue raised on this

appeal: Did the court err in not awarding costs to appellant?

Had appellant prevailed in his adverse possession claim, it would have been proper to award him his costs. Section 25-10-101(5), MCA. However, respondents received a decree in their favor. In such a case, the court has authority to award the respondents their costs. Section 25-10-102, MCA; section 25-10-101(5), MCA; Medhus v. Dutter (1979), ___ Mont. ___, 603 P.2d 669, 36 St.Rep. 2044. The fact that the District Court in this instance decreed each party to assume and pay costs expended was not an abuse of its discretion.

Judgment of the District Court in favor of respondents is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-