No. 88-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

CITY OF FAIRVIEW,

        Plaintiff and Respondent,

  -vs-

WILLIAM M. DEMING,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Seventh Judicial District,
            In and for the County of Richland,
            The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Douglas Alexander, Sidney, Montana

    For Respondent:

        Mike Weber, Fairview, Montana

_____

Submitted on Briefs:  June 30, 1989

Decided: August 25, 1989

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

William Deming, defendant and appellant, appeals from a money judgment entered in favor of the City of Fairview, plaintiff and respondent, by the District Court of the Seventh Judicial District, Richland County. We affirm.

The issues raised on appeal are:

1. Whether a proper foundation was laid to qualify a witness as an expert.

2. Whether contradictory expert testimony was properly weighed by the District Court.

3. Whether plaintiff laid a proper foundation for the introduction of certain exhibits.

William Deming was the city judge of Fairview, Montana from July 1, 1980, through January 31, 1983. As city judge, his duties included the collection of fines due on various tickets. The monies collected were placed in his trust account with the City of Fairview.

An examination of the records, accounts, and reports of the Deming court covering the period of his judgeship was conducted by the Montana Department of Administration at the request of the City of Fairview. Loren Flesjer, a municipal auditor of the Local Government Services Division of the Department, was in charge of the examination. Flesjer's examination showed that while a sum of $15,004.40 had been collected by defendant from tickets, only $10,989.77 had been accounted for, leaving a $4,014.63 deficiency.

The City of Fairview filed suit for damages resulting in misappropriation of the funds. Trial was held on July 12, 1988, before the District Court sitting without a jury. The expert testimony of Flesjer was admitted for the purpose

proving the deficiency. Among the exhibits introduced were the tickets in question submitted as Plaintiff's Exhibit 1, a list of tickets that were unaccounted for and funds submitted as Plaintiff's Exhibit 1-A and an examination report prepared by Flesjer submitted as Plaintiff's Exhibit 2. On September 9, 1988, the District Court ruled in favor of the City of Fairview and ordered that plaintiff recover from defendant the $4,014.63 plus costs.

The first issue raised on appeal is whether plaintiff laid a proper foundation to qualify Flesjer as an expert witness.

Rule 702, M.R.Evid., provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness <u>qualified as an expert</u> by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion OR otherwise. (Emphasis ours.)

In this case, the record reflects that a proper foundation was laid for Flesjer's qualifications as an auditor. Flesjer testified that he had been employed by the Local Government Service Division of the Montana Department of Administration as an auditor for 17½ years; he had 5 years of accounting experience before working for the state; he holds a two-year degree in business administration and accounting; he presently trains new employees and auditors, conducts audits, writes audit programs and conducts special examinations; and he has received training from the Lower Court Commission on examination of city judge's accounts. We hold that in light of the above testimony, the plaintiff laid a proper foundation for the introduction of Flesjer's expert testimony. In addition, after Flesjer gave this testimony, the record reflects that defendant stipulated as to the

- 3 -

expert qualifications of Flesjer and cannot now complain that the foundation was improper.

The next issue raised on appeal is whether contradictory expert testimony was properly weighed by the District Court.

In this case, plaintiff called Flesjer to testify as an auditing expert while defendant submitted a fiscal report prepared by Richard Lange, an accountant, to the District Court. Defendant argues that Lange's report contradicted Flesjer's testimony and demonstrated that evidence submitted lacked foundation, hence, the District Court improperly weighed the testimony of Flesjer in plaintiff's favor. We disagree.

In Lumby v. Doetch (1979), 183 Mont. 427, 431, 600 P.2d 200, 202, we stated:

> The credibility of witnesses and the weight to be given their testimony are matters for the District Court's determination in a nonjury case. (Citation omitted.) Thus, in examining the sufficiency of evidence, we must view the same in a light most favorable to the prevailing party, and we will presume the findings and judgment by the District Court are correct. (Citation omitted.)

See also Como v. Rhines (1982), 198 Mont. 279, 645 P.2d 948 and Poepping v. Monson (1960), 138 Mont. 38, 353 P.2d 325. The District Court had before it the contradictory expert opinions of both parties and made its determination.

The last issue raised on appeal is whether plaintiff laid a proper foundation for the introduction of certain exhibits.

Defendant objected to the first exhibit, the tickets in question, submitted as Plaintiff's Exhibit 1. Rule 901(b)(7), M.R.Evid., provides:

> (b) By way of illustration only and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Flesjer testified that the tickets contained in the exhibit were part of the original court docket. The tickets were properly identified in accord with Rule 901(b)(7), M.R.Evid., thus, plaintiff laid a proper foundation for the exhibit.

The second exhibit objected to by the defendant was a list of the tickets in which sums due were unaccounted for, submitted as Plaintiff's Exhibit 1-A. The list was merely a synopsis of the information contained in Exhibit 1 and was compiled by Flesjer to aid in the understanding of the case. A proper foundation was laid by plaintiff when Flesjer testified that he prepared the list and that the list was a synopsis of the information contained in Exhibit 1.

The third exhibit objected to by the defendant was an examination report prepared by Flesjer and submitted as Plaintiff's Exhibit 2. Again, the record reflects that the exhibit was identified and verified by Flesjer and, hence, plaintiff laid a proper foundation for its introduction.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -