No. 90-582

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

TED EVERTZ,

   Petitioner and Appellant,

  v.

STATE OF MONTANA; MONTANA BOARD OF
LAND COMMISSIONERS; DEPARTMENT OF
STATE LANDS; CORY B. MARTINSON and
IRENE B. MARTINSON,

   Respondents.



APPEAL FROM: District Court of the First Judicial District,
       In and for the County of Lewis and Clark,
       The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

     James A. Patten, Patten Law Firm,
     Billings, Montana

   For Respondents State of Montana:

     Lon J. Maxwell, Daprtment of State Lands,
     Helena, Montana

   For Respondents Martinson:

     Jock O. Anderson, Gough, Shanahan, Johnson
     & Waterman, Helena, Montana


       Submitted on Briefs: May 10, 1991

           Decided: July 2, 1991

Filed:

           Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Ted Evertz appeals the decision of the District Court of the First Judicial District for Lewis and Clark County, affirming an appraisal made by the Department of State Lands of improvements to a State Land lease formerly owned by Evertz. We affirm the District Court.

The issue on appeal is whether the District Court erred in accepting the Department's appraisal over the values proffered by Evertz. Specifically, Evertz contends that: (1) the District Court's decision cannot be supported by the record; (2) he was denied due process; and (3) the District Court used the wrong criteria in arriving at the value of his improvements.

Evertz is the former lessee of Department of State Lands Lease No. 4458, which consisted of approximately 1500 acres in Prairie County. Evertz's lease was cancelled due to mismanagement of the property, and the lease was transferred to Cory and Irene Martinson. Pursuant to § 77-6-302, MCA, Evertz sought compensation from the Martinsons for the improvements to the land. However, the parties could not agree on a value. In accordance with § 77-6-306, MCA, a panel of arbitrators was chosen to decide the value of the improvements. Each party selected one arbitrator. The arbitrators selected by the parties chose the third member of the panel.

The arbitrators entered their decision, assigning a value of $2800 to the improvements. Evertz's valuation of the improvements was $53,132. Dissatisfied with the arbitrators' valuation, the

petitioner appealed the decision to the Department of State Lands, pursuant to § 77-6-306(3), MCA. The Department and its employee, Sharon Moore, reviewed the arbitrators' findings. Ms. Moore prepared a 16 page document detailing each and every improvement to the lease claimed by Evertz, and indicated she agreed with the findings of the arbitrators. Relying on Moore's findings, the Department thereafter affirmed the decision of the arbitrators.

Evertz petitioned the District Court for judicial review of the Department's decision, pursuant to subsection (4) of § 77-6-306, MCA. The court found that "the decision of the arbitrators and supported by the investigation of Ms. Moore is more credible than Evertz's assertions" and affirmed the decision of the Department of State Lands. The court then directed the successors in interest to Evertz, the Martinsons, to pay $2800 to Evertz. This appeal followed.

Evertz contends that the procedure followed at the agency level and upon judicial review denied him due process, and that he is entitled to a trial de novo before the District Court. Evertz states that the record before the lower court was compiled without any opportunity on his part to challenge or dispute the parties providing the information.

In cases where the parties cannot agree on the value of improvements, there is a procedure provided by statute to reach an equitable decision. Section 77-6-306, MCA, states that if a decision cannot be reached between the parties, both the former

lessee and the current lessee are allowed to appoint an arbitrator. The arbitrators then appoint a third arbitrator. Together they assign a value to the improvements. This procedure was utilized by Evertz and the Martinsons. Both parties were on equal footing, having personally selected the person to serve as their arbitrator. Both parties were free to provide information or documentation to the arbitrators. Evertz's chosen arbitrator, who was presumably familiar with the property in question, participated in the panel's joint decision setting the value of the improvements at $2800.

Upon request for agency review of the decision, the Department sent Sharon Moore into the field to inspect the tract and gather information. Moore was familiar with the property, having been there some 30 times in the prior six years. In the scope of her review, Moore sought the advice of many individuals knowledgeable of the leasehold and of appraising methods. She then compiled a report for the Department's review.

The Department, upon reviewing all the evidence before it, including information supplied by Evertz, affirmed the panel's decision. The petitioner then sought judicial review.

At that review, Evertz argued that the record should consist solely of the depositions of himself and Sharon Moore. He argued that the record proffered by the Department was compiled without his input, and that he was unable to cross-examine any of the people who had supplied the information. The Department argued, and the court agreed, that all testimony and documentation created

4

by the arbitrators and the Department in reaching their valuation should be included in the record. The District Court gave Evertz the opportunity to cross-examine any or all of the witnesses that Sharon Moore relied on and submit their deposition testimony. However, he chose to present only the testimony of Ms. Moore and himself.

We conclude that the District Court properly considered all the documentation regarding the leasehold upon its review. There is no indication in § 77-6-306, MCA, that the judicial review is to be a trial de novo, as Evertz maintains. The lower court is in a better position to understand how a decision was reached if it is able to review all of the material used to reach that decision. As the District Court stated, Evertz had ample opportunity to provide the court with depositions of any of the people involved in the valuation process or mentioned in Sharon Moore's report. He did not do so.

Evertz correctly notes that one of the primary purposes of judicial review is to assure that parties have been afforded due process. State ex rel. Bailey v. Grande, 154 Mont. 437, 445, 465 P.2d 334, 339 (1970). This Court stated in Great Northern Railway Co. v. Roosevelt County, 134 Mont. 355, 362, 332 P.2d 501, 505 (1958), that "'[d]ue process of law' refers to and means certain fundamental rights which our system of jurisprudence has always recognized, that is, of requiring notice to be given and a hearing had before property may be taken . . . ." Evertz had two

5

opportunities to present evidence on his behalf, both at the Department review of the arbitration proceedings and at the judicial review. While § 77-6-306(3), MCA, does not provide for a hearing and an opportunity to examine witnesses as part of the Department review, he clearly had that opportunity on appeal to the District Court. He cannot now claim he was not afforded due process if he chose not to exercise his rights at either of those reviews. The petitioner has not offered credible evidence to show that he was denied an effective opportunity to be heard. Goldberg v. Kelly, 397 U.S. 254, 268, 90 S.Ct 1011, 25 L.Ed 287 (1970).

Evertz next contends that the District Court improperly received the opinion testimony of Moore, and that her opinion was based on hearsay.

While Sharon Moore was not a professional appraiser, the statute does not require the use of professional appraisers. The statute requires that the Department "shall examine the improvements" and decide whether the arbitrators' award should be upheld. Sharon Moore was qualified to make that examination for two reasons: (1) She had extensive knowledge of the property in question, based on her supervisory authority over the State lease in question since 1983, and had visited the land some 30 times prior to her review; and (2) The primary focus of her inquiry was the property's original cost and its current condition. Section 77-6-303, MCA. This inquiry did not require the expertise of a professional appraiser. The credibility and weight to be given to

6

opinion testimony are matters for the district court's determination in a non-jury proceeding. We conclude that no abuse of discretion resulted from the District Court's reliance on Sharon Moore's opinion in this case. City of Fairview v. Deming, 238 Mont. 496, 778 P.2d 876 (1989).

As to Evertz's contention that part of Moore's opinion was based upon hearsay, this Court held in State Highway Commission v. Greenfield, 145 Mont. 164, 169, 339 P.2d 989, 992, (1965), that an opinion on land valuation may be based upon hearsay, if it is found to be reliable.

Evertz next contends that the District Court did not properly consider the factors used by him in determining the value of his improvements. Specifically, Evertz states that in determining the value of the improvements the District Court should not be limited to the initial cost, but should include the replacement cost as well.

The statute regarding valuation, § 77-6-303(1), MCA, states in pertinent part:

> In determining the value of these improvements, consideration shall be given to their original cost, their present condition, their suitableness for the uses ordinarily made of the lands on which they are located . . . .

The statute refers to original cost and present condition as starting points for valuation. It is clear that the purpose is to compensate lessees for their expenses with some consideration of the extent to which the improvement has been depreciated.

7

Evertz's methodology of valuation uses replacement cost. There is a great difference between the two methods, resulting, in this case, in two very different valuations. As noted by the Department, a former lessee, by using a replacement cost method and thereby assigning market prices to improvements on his lease could effectively "chill" the bidding process on a lease. It is not unlikely that the Martinsons, or any other potential lessee, would be reluctant to acquire the lease in this case if they were forced to pay Evertz's replacement valuation of $54,000. The Department used the process called for in the statute, and the District Court did not err in accepting those values rather than the values offered by the petitioner.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8