No. 93-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

BOB J. JOHNSON,

       Plaintiff and Appellant,

   v.

KENNETH D. COLLINS AGENCY, INC.,
a corporation,

       Defendant and Respondent.

FILED

DEC 28 1993

_Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Kenneth R. Wilson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         Robin A. Wolff and Rodd A. Hamman, Calton,
Hamman & Wolff, Billings, Montana

      For Respondent:

         Loren J. O'Toole, II, O'Toole & O'Toole,
Plentywood, Montana


Submitted on Briefs:  November 18, 1993

Decided:  December 28, 1993

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Bob F. Johnson brought this equity action to recover sums he expended toward fulfilling a contract to purchase an apartment complex from Kenneth D. Collins Agency, Inc. (Collins Agency). The District Court for the Sixteenth Judicial District, Custer County, entered summary judgment for Collins Agency. We affirm.

The issue is whether the District Court erred in entering summary judgment on Johnson's complaint.

The parties entered two agreements in July 1981: a Sale and Purchase Agreement and a Save Harmless Agreement. Under the Sale and Purchase Agreement, Johnson agreed to purchase and Collins Agency agreed to sell an apartment complex to be constructed in Miles City, Montana. Collins Agency had previously obtained a loan commitment from the Farmers Home Administration (FmHA) to build such a complex, but the site Collins Agency proposed was determined unfeasible because it was in a flood plain.

Under the Sale and Purchase Agreement, Johnson would build the complex for Collins Agency on a site selected by Johnson, and would later assume the note and mortgage with FmHA. In addition, he would pay Collins Agency $10,000 when construction was completed and approved. The Sale and Purchase Agreement referred to the Save Harmless Agreement, under which Johnson was to hold and save harmless Collins Agency from any claim, demand, or lawsuit by the architect originally hired to design the project on the original site.

2

Collins Agency borrowed $570,000 from FmHA. Johnson constructed the apartments and was paid $570,000 for doing so. He made the down payment of $28,025, pursuant to the Sale and Purchase Agreement.

However, FmHA never approved transfer of the note from Collins Agency to Johnson. Johnson did not purchase the apartment complex from Collins Agency, nor was the $10,000 released from escrow. Also, Johnson did not save harmless Collins Agency from a claim by the original architect which resulted in a judgment of $14,658.93.

While the parties were attempting to obtain FmHA approval for the transfer, from 1982 until 1989, Johnson, through several management corporations, was involved in managing the apartment complex. He expended $11,629.18 in operating money during that time and paid attorney fees and other expenses in the lawsuit between Collins Agency and the original architect.

In 1992, Johnson brought this action, alleging that a resulting or constructive trust had arisen in his favor and that he had acquired equitable title to a portion of the apartment complex. He asked for a declaration that he held title to a percentage of the property or, in the alternative, for judgment in the amount of $58,848.45. Collins Agency counterclaimed for legal fees, delinquent property taxes, and other damages.

Collins Agency moved for summary judgment based upon affidavits and depositions filed with the District Court. The court ruled that the clean hands doctrine bars Johnson's claim. Stating

also that Johnson has constructed and owned many FmHA projects and should have been familiar with FmHA requirements, and noting that the Sale and Purchase Agreement was not made contingent upon FmHA approval, the court granted summary judgment for Collins Agency.

Did the District Court err in entering summary judgment on Johnson's complaint?

Our standard of review of a summary judgment is the same as the trial court's: Do genuine issues of material fact exist, and is Collins Agency entitled to judgment as a matter of law? See, Rule 56(c), M.R.Civ.P.; Knight v. City of Missoula (1992), 252 Mont. 232, 243, 827 P.2d 1270, 1276. This Court will uphold a correct decision, regardless of the reasons given below for the result. Shimsky v. Valley Credit Union (1984), 208 Mont. 186, 190, 676 P.2d 1308, 1310.

The parties do not disagree on issues of fact; instead, their arguments address application of the law to those facts. Therefore, the prerequisite for summary judgment is met.

In analyzing whether Collins Agency is entitled to judgment as a matter of law, we begin by noting that resulting trusts and constructive trusts are involuntary in nature and arise by operation of law. Eckart v. Hubbard (1979), 184 Mont. 320, 326, 602 P.2d 988, 991. They must be established by evidence that is clear, convincing, and practically free from doubt. Hilliard v. Hilliard (1992), 255 Mont. 487, 492, 844 P.2d 54, 57.

4

Resulting trusts are defined at §§ 72-33-216 through -218, MCA. Neither a resulting trust upon failure of a trust, § 72-33-216, MCA, nor a resulting trust upon full performance of a trust, § 72-33-217, MCA, is possible under the facts of this case. A purchase money resulting trust is created when a transfer of property is made to one person and the purchase price is paid by another. Section 72-33-218, MCA. Here, despite' Johnson's contribution of the down payment on the apartment complex, Collins Agency remains the debtor on the FmHA loan. We conclude that, as a matter of law, no resulting trust has been created.

Under § 72-33-219, MCA, a constructive trust arises when a person holding title to property is subject to an equitable duty to convey it because he would be unjustly enriched if he were allowed to retain it. Johnson argues that Collins Agency would be unjustly enriched if it is allowed to retain the apartment complex, because of Johnson's contributions to the property and because Collins Agency receives tax benefits from owning the property.

The tax benefits are immaterial. Further, Johnson did not honor the Save Harmless Agreement in that he did not pay the judgment obtained by the original architect against Collins Agency. This obligation was not contingent on sale of the apartment complex; it was a separate contractual obligation. Additionally, while Johnson was involved with managing the apartment complex, the Internal Revenue Service levied on apartment complex funds in Johnson's possession in the amount of $8,741.66, for payment of

5

income taxes Johnson owed.  Further, when Collins Agency resumed management of the complex, there was a $22,000 delinquency in real estate taxes on the property.

In light of these acts and failures to act which are the responsibility of Johnson, we conclude that he has not established by evidence that is clear, convincing, and practically free from doubt that Collins Agency has an equitable duty to convey an interest in the apartment complex to him.  We hold that no constructive trust has been established.

Johnson further alleges that the District Court erred by mentioning that it was "troubled" by the ten-year delay between the contract between the parties and the initiation of this lawsuit. Because the District Court's comment is not essential to the result, the comment is not reversible error.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6