No. 97-051

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

LEANNE M. NESET,

        Plaintiff and Appellant,

    v.

MICHAEL FIFER,

        Defendant, Third Party Plaintiff and Respondent,

    v.

LEANNE M. NESET, and all other persons, unknown,
claiming or who might claim any right, title, estate, or
interest in a lien or encumbrance upon the real property
described in the complaint adverse to Third-Party Plaintiff's
ownership, or any cloud upon Third-Party Plaintiff's title
thereto, whether such claim or possible claim be present
or contingent,

        Third Party Defendants.

APPEAL FROM:   District Court of the Seventh Judicial District, In and for the County of
                Richland, the Honorable Dale Cox, Judge Presiding.

COUNSEL OF RECORD:

       For Appellant:

          Phillip N. Carter, Sidney, Montana

       For Respondent:

          Donald L. Netzer, Netzer Law Office, Sidney, Montana

Submitted on Briefs: May 30, 1997

Decided:

July
23, 1997
Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In this action, the Seventh Judicial District Court, Richland County, entered summary judgment that Michael Fifer is the owner of certain real property under a theory of resulting trust. Leanne M. Neset appeals. We vacate the summary judgment and remand for further proceedings consistent with this Opinion.

We restate the issue as whether the District Court erred when it entered summary judgment that a purchase money resulting trust existed in favor of Fifer pursuant to 72-33-218, MCA.

In the spring of 1989, Fifer wrote a $33,500 check as a down payment on a home and real property in Sidney, Montana. Fifer and his then-girlfriend, Neset, borrowed $20,000 as joint obligors for the remainder of the property's purchase price. Title to the property was placed in Neset's name.

Neset and Fifer lived together in the home off and on (Neset moved out twice) for several years. When Neset and Fifer ended their romantic relationship in 1992, Fifer remained in the home and Neset moved out.

Neset brought this action in 1994, seeking an injunction evicting Fifer from the home to which she held title. Fifer counterclaimed that the property was his based on adverse possession, unjust enrichment, constructive trust, laches, equitable estoppel, and resulting trust. The District Court granted Fifer summary judgment under a theory of resulting trust, and declared him the owner of the property in fee simple. Neset appeals.

## Standard of Review

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court reviews a grant of summary judgment under the same Rule 56(c), M.R.Civ.P., criteria used by the district court. Carelli v. Hall (Mont. 1996), 926 P.2d 756, 759, 53 St.Rep. 1116, 1117 (citation omitted).

## Discussion

Did the District Court err when it entered summary judgment that a purchase money resulting trust existed in favor of Fifer pursuant to 72-33-218, MCA?

Section 72-33-218, MCA, provides, in relevant part:

(1) Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person who paid the purchase price.

(2) Subsection (1) does not apply in any of the following circumstances:

(a) whenever the party paying the purchase price manifests an intention that no resulting trust should arise;

. . . or

(c) whenever the transfer is made in order to accomplish an illegal purpose and the policy against unjust enrichment of the transferee is out weighed by the policy against giving relief to a person who has entered into an illegal transaction.

In the present case, the District Court found that all funds to purchase the property came from Fifer and that none came from Neset. It found that although the home loan payments were paid from Neset's checking account for the first six months, Fifer had deposited funds into that account to cover the loan payments. The court concluded that

a resulting trust arose in favor of Fifer as a result of his payment of the purchase price of the property.

In discussing whether Fifer manifested an intention that no resulting trust should exist as described under subsection (2)(a) above, the court concluded that no gift occurred because Fifer never clearly divested dominion and control of the property to Neset, and Neset did not accept the property and treat it as her own.  The court further concluded that Fifer was not precluded from a resulting trust by a weighing of the equities under subsection (2)(c) above, because Neset was not an unknowing recipient of the property.

Neset argues that the District Court failed to correctly determine which facts are material to the dispute, made improper factual findings, and did not apply the proper standard of proof.  She argues that the down payment on the home was a gift to her from Fifer and that Fifer therefore did not effectively pay the purchase price for the property, so that   72-33-218, MCA, does not apply.  She argues that the District Court erred by concluding as a matter of law that Fifer did not manifest an intent that no resulting trust should arise as described in the exception under   72-33-218(2)(a), MCA.

Neset filed an affidavit with the District Court in which she stated that the $33,500 down payment on the property was a gift to her from Fifer.  She also stated in the affidavit  that, "He told me several times that the house was mine and that he was paying the down payment so that we could live together and love each other."   In his deposition filed with the District Court, Fifer stated, to the contrary, that title to the house was put in Neset's name only to avoid the house being attached for back child support he owed and that he did not give the house to Neset.  Fifer also filed affidavits by several of his friends and relatives who stated their understandings that he did not intend either the money or the house as gifts to Neset, but that Fifer was merely placing the property in Neset's name so that it could not be levied upon for back child support he owed for children from a previous marriage.

Fifer contends, and the District Court apparently agreed, that any statements he made to Neset about intending the money or the house as a gift to Neset are inconsequential in light of the parties' subsequent behavior. Fifer points out that a completed gift must include intent, delivery, and acceptance.  See Lance v. Lance (1981), 195 Mont. 176, 183, 635 P.2d 571, 575.  He argues that even if an issue of fact exists as to his intent to make a gift, he never completely divested himself of dominion and control over the property.  He asserts that as a matter of law there was no delivery of the gift and, thus, the gift was never completed.

We disagree with Fifer and the District Court concerning the existence of issues of material fact.  Physical delivery of the down payment was accomplished when the payment was made and title to the property was placed in Neset's name.  Fifer's alleged statements to Neset are relevant as to whether he manifested an intent that no resulting trust exist.  The conflicting affidavit and deposition statements submitted to the court create, at minimum, a question of fact as to whether the down payment was a gift from Fifer to Neset.

Further, Fifer's retention of physical possession of the property after Neset left it is not dispositive as to delivery of a gift of the property.  Delivery occurred when title to the property was placed in Neset's name.  Inasmuch as Fifer's retention of the property is offered as evidence of intent, Neset testified in her deposition that she moved out of the home when she and Fifer split up not because she believed the home belonged to him, but because she knew he would not leave.

The District Court noted that Fifer paid all the property taxes on the home except for one payment Neset made immediately before she filed this suit.  Fifer claimed an income tax deduction for interest paid on the mortgage on the property and he maintains that he made all the house payments.  Although some of those payments came out of Neset's checking account, Fifer stated that he deposited money to that account to fund those payments.

However, Fifer's payment of property taxes and claim of the income tax deduction

for such payments is not conclusive as to whether a purchase money resulting trust exists or as to whether he gifted the property to Neset. Neset, too, took an income tax deduction for the property taxes which she paid. Nor is it conclusive of ownership that Fifer made mortgage payments while he resided in the home after Neset left. Such payment would also be consistent with a rental arrangement.

Neset cites Johnson v. Kenneth D. Collins Agency (1993), 263 Mont. 137, 865 P.2d 312, as authority that no resulting trust was created here. In that case, Johnson constructed an apartment complex, the cost of which was paid with an FmHA loan to Collins Agency. When Collins Agency paid Johnson for his construction work, Johnson gave Collins Agency a down payment on the apartment complex and agreed to assume the loan. However, Johnson never obtained FmHA approval to assume the loan, and he made no payments on it. This Court held that, as a matter of law, a purchase money resulting trust was not created. Johnson, 865 P.2d at 314.

Johnson is distinguishable from the present case in several important respects. First, in Johnson, the Court noted that the parties did not disagree as to any issues of material fact. Johnson made no payments on and was not liable as a borrower on the loan against the property. In the present case, Fifer and Neset are both exposed to financial and legal liability as co-borrowers on the $20,000 mortgage on the property. Finally, Johnson's down payment on the property was to Collins Agency itself, rather than to a third party.

In Poepping v. Monson (1960), 138 Mont. 38-48, 353 P.2d 325, 330-31, this Court applied the rule that a person claiming a resulting trust who has paid only a portion of the purchase price is entitled to claim a resulting trust only proportionate to the amount of the total purchase price paid, absent clear and convincing evidence of a contrary intent. See also Restatement (Second) of Trusts 454, pp. 416-17 (1997).

We conclude that issues of material fact exist in this case concerning to what extent, if any, the property or the down payment thereon was a gift from Fifer to Neset. These issues of fact implicate whether and to what extent a purchase money resulting trust, or the exception thereto, has arisen under 72-33-218(1) and (2)(a), MCA, and Poepping.

Neset further argues that the District Court misapplied the balancing test under 72-33-218(2)(c), MCA, when it concluded that, in this case, the policy against unjust enrichment outweighed the policy against giving relief to a person who has intentionally transacted business so as to deprive his children of the support to which they are entitled. Neset contends that the District Court did not properly apply the balancing test because the court determined that subsection (2)(c) was essentially a codification of the clean hands doctrine and then determined that Neset was not entitled to assert the doctrine because she was aware that Fifer owed back child support.

The proper factors to be weighed in the balance under subsection (2)(c) is a question of law, and we review questions of law to determine whether the district court's interpretation of the law is correct. Matter of Estate of Dern Family Trust (Mont. 1996), 928 P.2d 123, 127, 53 St.Rep. 1087, 1089. Neset correctly states that the balance in this case should be between the policy against unjust enrichment of her and the policy disfavoring relief to Fifer as a result of his attempt to evade his child support obligation. The Uniform Fraudulent Transfer Act, 31-2-326 through -342, MCA, makes it illegal to transfer property with the intent to hinder, delay, or defraud any creditor. The affidavits filed by both parties and the copies of court documents filed concerning Fifer's child support obligation indicate that Fifer's transfer of the down payment and title to the property to Neset were for the illegal purpose of evading his child support obligation, in violation of previous court orders and the Uniform Fraudulent Transfer Act. If, after resolving the material issues of fact described above, the finder of fact determines that

a purchase money resulting trust was created in this case, it should then weigh the proper factors in determining whether the exception under   72-33-218(2)(c), MCA, applies.

The summary judgment is vacated and this case is remanded for further proceedings consistent with this Opinion.

/S/  J. A.  TURNAGE

We concur:

/S/  KARLA M. GRAY
/S/  JIM REGNIER
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER