No. 99-529

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 182N

ELDON EARL LOVAAS, deceased,

E. JEAN LOVAAS,

Appellant,

v.

KIRSTI LORENE LOVAAS SICKLER,

Personal Representative of the Estate of

Eldon Earl Lovaas,

Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert N. Crosswhite, Hartelius, Howard, Crosswhite & Baker, L.L.P.,

Lakeside, Montana

For Respondent:

James D. Moore, Attorney at Law, Kalispell, Montana

Submitted on Briefs: March 16, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Respondent, Kirsti Sickler (Sickler), petitioned the District Court for the Eleventh Judicial District in Flathead County, for an order informally probating the will of Eldon Earl Lovaas (decedent), and for appointment of Sickler as personal representative. The Petitioner, E. Jean Lovaas (Lovaas) opposed appointment of Sickler as personal representative, and filed a motion requesting that the District Court determine that the proceeds from the decedent's settlement with Columbia Falls Aluminum Company (CFAC) be held by the estate in constructive trust for Lovaas. The District Court ordered that Sickler remain personal representative and held that the proceeds were the sole and separate property of the decedent, not a marital asset and denied Lovaas' request for a constructive trust. Lovaas appeals the District Court's order. We affirm the District Court.

¶3 The sole issue presented on appeal is whether the District Court erred when it refused to impose a constructive trust on the CFAC settlement proceeds.

## FACTUAL BACKGROUND

¶4 The Petitioner, E. Jean Lovaas, and the decedent, Eldon Earl Lovaas, were married on June 20, 1978. At the time of the marriage, the decedent had three daughters from a previous marriage: Vickie Gaethle (Gaethle), Kirsti Sickler (Sickler), and Cynthia McManus (McManus). During their marriage, the decedent was employed by Columbia

Falls Aluminum Company (CFAC).

¶5 In 1986, CFAC entered into a profitsharing plan with its union employees. However, from 1988 until 1993, when the decedent retired, CFAC shared no profits with its employees. As a result, in 1992 the decedent became a plaintiff in litigation related to the profitsharing plan. The litigation was settled subsequent to the death of Eldon Lovaas, and the decedent's estate received approximately $90,000 as Eldon's share of the settlement proceeds.

¶6 The decedent, Eldon Lovaas, died on January 17, 1996. He was survived by his wife, E. Jean Lovaas, and his three adult children, Gaethle, Sickler, and McManus. The decedent died testate. He had executed a Last Will and Testament on August 26, 1981, and amended it on August 31, 1984 and November 1, 1989. The decedent's Will specified that the residue of his estate should be divided into equal shares and distributed to each of his three daughters, and provided as follows:

> Except as hereinbefore provided, I have not in this Will made any bequest or devise to my wife, E. Jean Lovaas, for the reason that I have more than adequately made provision for her during my lifetime out of other of my assets which she and I own jointly. And I trust that she will, if she survives me, respect my intentions to provide for my natural children from a previous marriage.

¶7 On May 5, 1998, an application to informally probate the Last Will and Testament of Eldon Earl Lovaas and for appointment of personal representative was filed by Sickler. On May 5, 1998, the District Court issued its Order for informal probate of the will of Eldon Earl Lovaas, and appointed Sickler the personal representative of the estate. On May 28, 1998, E. Jean Lovaas opposed appointment of Sickler as personal representative and requested that the District Court appoint Lovaas as the personal representative.

¶8 On July 7, 1998, Lovaas filed a motion for an interlocutory decree, in which she requested that the District Court determine that the CFAC settlement proceeds were the sole and separate property of Lovaas, the surviving spouse. Additionally, on July 7, 1998, Lovaas filed a petition for determination of her elective share of the decedent's estate.

¶9 On November 13, 1998, the District Court held a hearing to consider Lovaas' opposition to the appointment of Sickler as personal representative, Lovaas' motion for interlocutory decree regarding the CFAC settlement proceeds, and Lovaas' petition for

determination of elective share. At the hearing, Lovaas requested that the District Court determine that the CFAC settlement proceeds were held in constructive trust by the estate for Lovaas' benefit.

¶10 On January 14, 1999, the District Court issued its Order denying Lovaas' application to be appointed personal representative. On July 12, 1999, the District Court entered its Order denying Lovaas' request for creation of a constructive trust. Following Rule 54(b), M.R.Civ.P. certification, Lovaas appeals the District Court's denial of her request that the CFAC settlement proceeds be deemed held in constructive trust for her benefit.

## STANDARD OF REVIEW

¶11 We review a district court's conclusions of law to determine whether the interpretation of the law is correct. *See St. John v. Missoula Elec. Co-op., Inc.* (1997), 282 Mont. 315, 320, 938 P.2d 586, 588.

## DISCUSSION

¶12 Did the District Court err when it refused to impose a constructive trust on the CFAC settlement proceeds?

¶13 Lovaas asserts that the District Court erred by not imposing a constructive trust for her benefit on the CFAC settlement proceeds. Lovaas asserts that, pursuant to *In Re the Marriage of Moss*, 1999 MT 62, 293 Mont. 500, 977 P.2d 322, the basis for establishing a constructive trust is to prevent unjust enrichment. She contends that if a constructive trust is not imposed for her benefit, the CFAC settlement proceeds will pass through the Estate and to the decedent's three children, which would unjustly enrich the children, to Lovaas' detriment. Lovaas asserts that the settlement proceeds were income to the decedent, and because income is a marital asset, the proceeds should be construed to be the sole and separate property of the surviving spouse, passing outside of probate by virtue of the constructive trust.

¶14 Section 72-33-219, MCA, provides:

> A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if he were permitted to retain it.

We have previously stated that constructive trusts must be established by evidence that is clear, convincing and practically free from doubt. *See Johnson v. Kenneth D. Collins Agency, Inc.* (199), 263 Mont. 137, 140, 865 P.2d 312, 313.

¶15 The Estate contends that there is no clear and convincing evidence that the decedent's daughters will be unjustly enriched by receiving the proceeds through the estate. The estate asserts that the decedent's will made clear that the decedent wanted to leave his estate to his children, and because Lovaas has exercised her statutory right to elect to take against the will, the daughters cannot be unjustly enriched by receiving what remains following distribution of the amount Lovaas is entitled by statute to receive.

¶16 The District Court concluded:

> She [Lovaas] seems to contend that the unjust enrichment to the estate arises from the assumption that if the decedent had received the funds during his life, they "would have been collected by himself and his spouse." Quite to the contrary, the funds were solely the property of the decedent. Whether or not he would have chosen to share any or all of them with Petitioner was entirely optional. Undisputably, if the decedent had chosen, he could have distributed those funds upon receipt to his daughters or to anyone else he chose. The "assumption" upon which Petitioner bases her argument is not such clear and convincing evidence that overcomes the clear intention of the decedent expressed in his will that his wife was adequately provided for and that he wanted his daughters to take something from his estate.

¶17 We agree with the District Court that Lovaas' assertion that the CFAC settlement proceeds are a marital asset to which she is entitled, is without merit. Lovaas' contention that the decedent would have split the proceeds with her had he received them while he was alive invites speculation. It is clear from the decedent's will that he felt he had "more than adequately made provision for her [Lovaas] during my lifetime" and that the express intention of his will was to "provide for my natural children from a previous marriage."

¶18 Accordingly, we conclude that the evidence presented by Lovaas of unjust enrichment is not clear, convincing, and practically free from doubt. We further conclude that the District Court did not err when it found that the CFAC settlement proceeds were the sole and separate property of the decedent which passed to his estate, and denied Lovaas' request for a constructive trust for her benefit.

¶19 For these reasons, we affirm the order of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART